ZEHMER, Judge.
Appellant, Franklin Eugene Waters, appeals the dismissal with prejudice of his amended complaint, raising three points on appeal: (1) That count 1 of his amended complaint states a good cause of action for negligent misrepresentation; (2) that Florida law allows an action for fraudulent misrepresentation; and (3) that count 3 of his complaint sufficiently alleges a breach-of-contract action falling under section 301, National Labor Relations Act, 29 tJ.S.C.A. § 185. Based on appellant’s third contention, we reverse.
The pleadings reveal the following facts. On December 8, 1980, ITT Rayonier, Inc., performed a “controlled” burn on land adjacent to 1-95 which caused thick smoke to pass over the interstate. Waters, employed by Nu-Car Carriers, Inc. (Nu-Car) as an independent tractor-trailer operator, was driving north on the interstate when, without warning, he encountered the smoke. Upon entering the smoke, Water’s truck struck a vehicle that had either stopped or almost stopped on the highway, killing two of the vehicle’s three occupants. Waters was suspended by his employer on December 9, 1980, pending investigation of the accident for the stated reason that he was speeding at the time of the accident and failed to slow before entering the thick smoke. Waters denied that he had been speeding.
The terms and conditions of Waters’ employment were governed by a collective bargaining agreement which provided that he could be terminated for involvement in a major chargeable accident only after full investigation. Waters was discharged from employment on December 12, 1980, based on an expert’s opinion that he had been speeding at the time of the accident. This opinion was based on an analysis prepared by the expert for the employer which was later determined to be erroneous.
Upon receipt of the discharge notice, Waters filed a grievance pursuant to the collective bargaining agreement, and an arbitration hearing was held January 5, 1981. Nu-Car’s personnel manager testified that Nu-Car’s experts had determined that appellant was speeding at the time of the accident. The arbitration panel unanimously upheld the discharge. Appellant did not appeal the panel’s decision.
*226 Appellant then filed a suit for damages against Nu-Car, alleging it had been guilty of (1) negligent misrepresentation, (2) fraudulent misrepresentation, and (3) breach of the collective bargaining agreement in discharging him. The trial court granted Nu-Car’s motion to dismiss for failure to state a cause of action, and Waters declined to further amend.
Waters first contends that his complaint properly states a cause of action in tort for negligent misrepresentation and fraudulent misrepresentation. Although Waters is correct in stating that Florida courts recognize a cause of action in tort arising out of termination of employment, Hamlen v. Fairchild Industries, Inc., 413 So.2d 800 (Fla. 1st DCA 1982), we nevertheless affirm the dismissal of the two counts in tort. While it appears that both these counts are lacking in allegations of sufficient ultimate facts to state a cause of action, we need not reach that question because both tort claims, if sufficient, have been preempted by federal law. In this case, Waters’ remedy was through arbitration under the collective bargaining agreement, not through an action in tort under state law. The United States Supreme Court has held that a claim based on state tort law which requires reference to and construction of a collective bargaining agreement must be treated as an action under section 301 of the National Labor Relations Act, and meet the requirements of that section or be dismissed as preempted by federal labor contract law. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Here, the terms of the collective bargaining agreement provided that Waters could be dismissed from employment only for a major chargeable offense determined after a full investigation. What constitutes a full investigation necessarily requires interpretation of the collective bargaining agreement, which must be left to federal law. Since counts 1 and 2 of appellant’s complaint were based, in part, on the lack of a “full investigation,” the counts were properly dismissed.
Waters next contends that count 3 of his amended complaint alleges a breach of contract action under section 301 of the National Labor Relations Act. Since suits by an employee against an employer for breach of a collective bargaining agreement are governed by federal law, Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206, such suits are governed by a federal statute of limitations which requires that they be filed within six months of the alleged injury. Delcostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Although appellant did not file his action until nearly three and one-half years after his alleged injury, he argues that it was premature to dismiss the complaint on this ground. We agree. Factual issues still exist as to the applicability of the statute-of-limitation defense. The statute of limitations is an affirmative defense which can be waived or tolled. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. at 172, 103 S.Ct. at 2294. There is a disputed question as to commencement of the statute of limitations, i.e., when appellant was discharged or when he first discovered he had such an action against the employer and union. Moreover, since the complaint alleged only a few specific provisions, the complete collective bargaining agreement was not before the trial court on motion to dismiss. The record does not clearly establish what the mandatory grievance procedure is or what it requires, or how an employee may collaterally attack a grievance decision that is infected with perjured testimony, as asserted by appellant.
For these reasons, we affirm in part, reverse in part, and remand for further proceedings.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHIVERS and BARFIELD, JJ., concur.