460 So.2d 572 (1984)
Carol A. ABRAMS, Appellant,
v.
GENERAL INSURANCE COMPANY, INC. and South Carolina Insurance Company, Appellees.
No. 84-1848.
District Court of Appeal of Florida, Third District.
December 18, 1984.
George C. Vogelsang and Deborah White, Miami, for appellant.
Joe N. Unger, Miami, Kopplow & Flynn, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Plaintiff appeals an order dismissing her defamation action for failure to state a cause of action. We reverse.
It is axiomatic that when considering a motion to dismiss for failure to state a cause of action, the court must confine itself strictly to the allegations within the four corners of the complaint, and must accept all well-pleaded allegations as true. Consideration of defendant's affirmative defenses or sufficiency of evidence which plaintiff will likely produce on the merits is wholly irrelevant and immaterial to deciding such a motion. Parkway General Hospital, Inc. v. Allstate Insurance Co., 393 So.2d 1171 (Fla. 3d DCA 1981). Accord Kaufman v. A-1 Bus Lines, Inc., 363 So.2d 61 (Fla. 3d DCA 1978).
In the present case, the alleged defamatory letter states that there appears to be a violation of section 627.409, Florida Statutes (1981), and then proceeds to quote that section in its entirety.[1] The letter then states:

*573 Our file indicates that your son, Ronald Frank Abrams, is, in fact, a driver of the vehicle shown on our policy. This information was withheld in Sections II and III of your Application for Insurance dated 10/21/82.
If the General Insurance Company had been supplied with the proper information, i.e., that Ronald Frank Abrams, is, in fact, a driver of the vehicle we insure, the policy would have been issued at a substantially higher premium based on his record and his date of birth.
In view of the violation of the Statute, which denied General Insurance Company the information to properly evaluate the application, we hereby decline to provide any insurance coverage for this accident.
The defendant contends that the words attributed to it are not reasonably susceptible of the defamatory meaning contended for by plaintiff. Undoubtedly this was the basis on which the trial court dismissed the action, and it is with some reluctance that we take a different position. We find, however, that it is possible that persons reading the alleged defamatory letter might take it to mean that plaintiff was guilty of misrepresentation in the acquisition of her insurance policy. See Wolfson v. Kirk, 273 So.2d 774, 778 (Fla. 4th DCA), cert. denied, 279 So.2d 32 (Fla. 1973).
Accepting all well-pleaded allegations in the complaint as true, and construing them in the light most favorable to plaintiff, as we must, we find plaintiff has adequately stated a cause of action for defamation. Accordingly, the order dismissing the defamation action is reversed and the cause remanded for further proceedings.
NOTES
[1] The letter quotes the statute as follows:

627.409 Representations in applications; warranties
(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(a) Fraudulent; or
(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, [...] or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known to the insurer, [sic] as required either by the application for the policy or contract or otherwise. (2) A breach or violation by the insured of any warranty, condition, or provision of any wet marine or transportation insurance policy, contract of insurance, endorsement, or application therefor, shall not render void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.
See § 627.409, Fla. Stat. (1981). This section was rewritten but substantively unchanged by the legislature in 1982. See § 627.409, Fla. Stat. (1983).