511 So.2d 720 (1987)
Don A.G. PLATTÉ and Linda J. Platte, Appellants/Plaintiffs,
v.
WHITFIELD REALTY COMPANY, INC., Appellee/Defendant.
No. BQ-421.
District Court of Appeal of Florida, First District.
August 24, 1987.
John F. MacLennan, of Kattman, Eshelman & MacLennan, Jacksonville, for appellants/plaintiffs.
W. Thomas Copeland, of Simpson & Mattson, Jacksonville, for appellee/defendant.
SHIVERS, Judge.
Appellants, Don A.G. Platte and Linda J. Platte, appeal from the trial court's order granting a motion to dismiss with prejudice. The issue in this case is whether the trial court correctly granted the motion. We reverse.
The following facts appear in appellants' complaint. Appellants own real property in Duval County, Florida. On July 17, 1985, appellants and appellee, Whitfield Realty Company (Whitfield), entered into a listing agreement in which appellants hired Whitfield to find a purchaser for their Duval County property. The agreement expired on January 17, 1986. Appellants then signed another listing agreement with Watson Realty Company (Watson Realty), and moved out of the state of Florida. The purpose of this agreement was for Watson Realty to find a purchaser for appellants' property. Some time after the second listing agreement was executed, an employee of Watson Realty told appellants that Watson Realty had located a prospective purchaser for their property and that the purchaser had shown great interest in buying it. Before appellants could execute a contract with the potential purchaser, however, Watson Realty notified them that it was cancelling the listing agreement. Watson Realty explained it had been told that appellants had extended the listing agreement with Whitfield for a period ending April 23, 1986. In fact, Whitfield had told Watson Realty that appellants had agreed to extend the listing agreement with Whitfield beyond the original termination date of January 17, 1986.
Whitfield's statements formed the basis of a lawsuit for interference with business arrangements and libel. Whitfield filed no answer in response to appellants' complaint choosing instead to file a motion to dismiss for failure to state a cause of action. The trial court granted Whitfield's motion. Appellants then filed an amended complaint which the trial court ultimately dismissed with prejudice by final order. Under count one of the complaint, which dealt with interference with a contractual relationship, appellants alleged the following concerning *721 the issue of damages: "[a]s a result of the action of defendant as set forth above, plaintiffs were damaged by losing the contractual relationship with Watson Realty which would have resulted in the sale of their home to a purchaser."
This appeal concerns a motion to dismiss for failure to state a cause of action. In considering such a motion, all material allegations of the complaint are taken as true, and the trial court is not permitted to speculate as to whether the allegations will ultimately be proven. Maciejewski v. Holland, 441 So.2d 703 (Fla. 2d DCA 1983). Further, the court must confine itself strictly to the allegations within the complaint's four corners; consideration of the defendant's affirmative defenses or of the sufficiency of evidence which plaintiff will likely produce on the merits is irrelevant to deciding such a motion. Abrams v. General Insurance Co., 460 So.2d 572 (Fla. 3d DCA 1984). The fundamental question in ruling upon a motion to dismiss is whether a cause of action would be established by proving the allegations made in the plaintiff's complaint. Robert L. Turchin, Inc. v. Gelfand Roofing, Inc., 450 So.2d 554 (Fla. 3d DCA 1984).
Appellants alleged in their amended complaint that they had suffered damages through Whitfield's acts because, as a direct result of them, they lost their contractual relationship with Watson Realty. Under the foregoing authority, this allegation must be accepted as true. We have no way of knowing at present what the magnitude of these damages was, nor could the trial court previous to the commencement of trial when appellants will have an opportunity to prove such damages to the jury through the presentation of their evidence. Such inquiries, however, are irrelevant in considering whether to grant a motion to dismiss. Rather, the main question is whether the allegations in the complaint, if taken as true, would state a cause of action. Whitfield does not allege that the contract in this dispute suffered from any defects in formation. Indeed, the briefs of both parties focus on the question of damages or, more specifically, on whether any damages suggested by language in the complaint such as "which would have resulted in the sale of their home to a purchaser," were wholly speculative, rather than actual, in nature since the potential purchaser had not yet bought appellants' home. The complaint clearly states that Whitfield's act of telling Watson Realty that appellants had agreed to extend the listing agreement with Whitfield beyond the original termination date of January 17, 1986, "damaged [appellants] by [causing them to] los[e] the contractual relationship with Watson Realty Company... ." If this statement is taken as true, as it must be, appellants were damaged by Whitfield's acts, and there is accordingly no dispute as to that issue. We therefore reverse the trial court's final order dismissing with prejudice appellants' amended complaint and remand for further proceedings.
REVERSED and REMANDED.
NIMMONS and BARFIELD, JJ., concur.