538 So.2d 1358 (1989)
Don A.G. PLATTE' and Linda J. Platte', Appellants,
v.
WHITNEY REALTY COMPANY, INC., Appellee.
No. 88-1510.
District Court of Appeal of Florida, First District.
Opinion filed February 28, 1989.
*1359 John F. MacLennan, Jacksonville, for appellants.
W. Thomas Copeland, Jacksonville Beach, for appellee.
ZEHMER, Judge.
This case was previously before this court on appeal from an order granting appellee Whitfield Realty Company's motion to dismiss the amended complaint with prejudice. Our opinion reversing that dismissal sets forth the facts of the case, so we shall not repeat them here. See Platte' v. Whitfield Realty, Inc., 511 So.2d 720 (Fla. 1st DCA 1987). We now review a final summary judgment for Whitfield, and again we reverse.
The trial court granted the motion for summary judgment on the grounds, as stated in the order, that the appellants' answer to an interrogatory establishes without dispute that they
are unable to prove their actual damages as alleged, and in view thereof, the damages are only speculative, and are insufficient to substantiate a verdict thereon. Further, punitive damages as plead must follow actual damages, which must be initially plead and proven.
The interrogatory and answer referred to reads as follows:
Interrogatory:
Please state the name and address and telephone number of any persons having a prospective interest in purchasing the home of Don and Linda Platte' from either Whitfield Realty, Inc. or Watson Realty Company.
Answer:
Plaintiffs are not aware of the names of any persons who had a prospective interest in the purchasing of the home of the Plaintiffs. However, while the property was listed with Watson Realty, Mr. Vincent Bosogno advised that the Plaintiffs had a prospective purchaser who was very interested in purchasing the property... .
Appellants' answer to this interrogatory does not support the trial court's ruling that appellants are unable to prove actual damages. They may be able to prove actual damages at trial by presenting evidence *1360 that a prospective purchaser existed but was not brought to appellants as a result of Whitfield's malicious interference with appellants' contractual relationship with Watson Realty. The fact that appellants did not know the name of the prospective purchaser referred to by Watson Realty at the time they answered the interrogatory is not undisputed proof of anything other than appellants' ignorance of the name of that prospective purchaser at the time they answered the interrogatory. Since the party moving for summary judgment has the burden of showing there is a complete absence of material facts in dispute, Holl v. Talcott, 191 So.2d 40 (Fla. 1966), and failed to do so in this instance, the summary judgment on this ground must be reversed.
Furthermore, punitive damages are recoverable under both alleged causes of action for intentional interference with a business relationship and libel, and appellants demanded punitive damages in each count of the amended complaint. Even if appellants are unable to recover compensatory damages, they may nevertheless be able to prove the elements required for an award of punitive damages. Ault v. Lohr, 538 So.2d 454 (Fla. 1989) (Punitive damages may be recovered where the factfinder has found a breach of duty but the plaintiff was unable to prove compensatory or actual damages.) See also Puga v. Suave Shoe Corp., 427 So.2d 288 (Fla. 3d DCA 1983); Matthews v. DeLand State Bank, 334 So.2d 164 (Fla. 1st DCA 1976).
The summary judgment is REVERSED, and this cause is REMANDED for trial.
SHIVERS and BARFIELD, JJ., concur.