L.S.T., INC., Individually and dba Kokomo, etc., et al., Plaintiffs,

v.

Lawrence CROW, Sheriff of Polk County, etc., et al., Individually and in Their Official Capacities, Defendants.

No. 90–1483–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

Sept. 12, 1991.

Richard D. Mars, Bartow, Fla., for plaintiffs.

Charles T. Canady, Donald Gunnar Jacobsen, Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, Fla., for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

1. Motion to dismiss by the Defendants, Lawrence Crow, et al., the claims of the individual Plaintiffs other than L.S.T., INC. and HARVEY ADAMS;

2. Motion by defendants, Lawrence Crow, et al., to dismiss the punitive damage claims asserted by the Plaintiffs;

3. Motion by the defendants, Lawrence Crow, et al., to dismiss the Florida Tort claims of the Plaintiffs;

4. Motion by defendants, Lawrence Crow, et al., to dismiss the State Tort Punitive Damage claims by the Plaintiffs;

5. Motion by defendants, Lawrence Crow, et al., to dismiss the Malicious Prosecution claims of the Sixth, Seventh and Eighth Counts of the Plaintiffs' Complaint;

6. Motion by defendants, Lawrence Crow, et al., to Strike paragraph Six (6) of the Plaintiffs' Complaint;

7. Motion by defendants, Lawrence Crow, et al., for a More Definite Statement on each and every count of the Plaintiffs' Complaint;

8. Motions by Defendant, WILLIAM HAYNES, for a More Definite Statement as to Counts One, Two, Three, Eleven, Twelve and Thirteen of the Plaintiffs' Complaint; to dismiss the

claims of the Plaintiffs as to Counts Eleven, Twelve and Thirteen; to dismiss the Punitive Damage claims; and to dismiss the State Tort Claims by the Plaintiffs.

For the purposes of this Order, the motions of all Defendants will be considered together.

Plaintiffs assert jurisdiction of this Court pursuant to their claims against the defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. In addition to their Federal claims, Plaintiffs assert several Florida state law claims pursuant to the Court's pendant jurisdiction over claims arising from a common nucleus of operative fact as the Federal claims.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Additionally, when considering a motion to dismiss, the allegations of the complaint must be taken as true by the court. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

■ 1. Defendants allege that as to the claims in the First, Second and Third Counts of the Complaint, the claims of the individual Plaintiffs other than L.S.T., INC. and HARVEY ADAMS, should be dismissed on the grounds that the Complaint failed to make any specific claim that these Plaintiffs were caused any harm or damage by the alleged wrongful acts of Defendants, and that "nothing in the Complaint showed that the named Plaintiffs were deprived of any rights, which would place them in the status of an injured party."

Plaintiffs respond that two essential allegations must be stated to raise a valid claim under 42 U.S.C. § 1983. The conduct alleged must have been committed under color of law, and the conduct must have deprived the Plaintiff of constitutional or Federal rights. *Quinones v. Durkis*, 638 F.Supp. 856 (S.D.Fla.1986). In paragraph Seven of Plaintiffs' Complaint, it is alleged that at all times material to the Complaint, Defendants acted under color of law. Further, it is throughout the Complaint that Plaintiffs were deprived of their rights, privileges and immunities secured them by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The Court finds that all Plaintiffs have met the pleading requirements of 42 U.S.C. § 1983, and as such denies the motion to dismiss by Defendants as to this issue.

Defendants allege that because Plaintiffs' federal claims should be dismissed, their state claims should be dismissed as well, having no jurisdiction in this Court. This Court declined to grant Defendants' motion to dismiss Plaintiffs' federal claims in Counts One, Two and Three of their Complaint. Accordingly, the Court exercises its pendant jurisdiction over the state claims of Plaintiffs, as set forth in Counts Four through Thirteen of the Complaint, and denies Defendants' motion to dismiss as to this issue. *See Carnegie–Mellon v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

■ 2. Defendants allege that the Florida Punitive Damage claims brought by the Plaintiffs should be dismissed for failure to state a claim upon which relief may be granted, as against Defendants in their official capacity. Defendants properly argue that an action against a sheriff in his official capacity is another form of a claim against the government itself. *See Quinones v. Durkis*, 638 F.Supp. 856 (S.D.Fla. 1986). In Florida, government entities are granted immunity from punitive damage claims. *See Florida Statutes* section 768.-28(5) (1989). However, Plaintiffs plead their Complaint in the alternative, as against Defendants in either their official or personal capacities. Further, Plaintiffs respond that the claims made in the Third Count fall under the jurisdiction of 42 U.S.C. § 1985, and under this section, no government immunity is available to Defendants. However, Plaintiffs did not

plead any allegation in the Complaint as an action under section 1985.

The Court agrees with Plaintiffs' response that the question of whether Defendants were acting in their official capacities when the alleged wrongdoings occurred is one for the jury, and not to be considered on a motion to dismiss. As such this court denies Defendants' motion to dismiss on this issue and grants Plaintiffs twenty (20) days to amend their Complaint regarding any claims that may have arisen under 42 U.S.C. § 1985.

3. Defendants assert that under Section 768.28(9)(a) *Florida Statutes* (1989), no claim may be made against a government entity for the bad faith or malicious acts of its officers, and as such, the Florida Tort claims against the Defendants in their official capacity should be dismissed for failure to state a cause of action. Plaintiffs plead their Complaint in the alternative as against Defendants in *either* their official or personal capacities. As stated above, whether Defendants were acting in their official capacities is a question for the jury and not one to be considered on a motion to dismiss. As such, Defendants' motion to dismiss as to this issue is denied.

■ 4. Defendants assert that Plaintiffs have failed to proffer any evidence that would provide a reasonable basis for recovery of punitive damages under *Florida Statutes* section 768.72 (1989), and therefore the State Tort Punitive Damages claims should be dismissed. Plaintiffs respond that they have met the strict requirement of section 768.72, and Florida courts have upheld complaints containing allegations of a 768.72 violation with little more than a statement of entitlement, especially where malice is an essential element of the tort, such as with false arrest, malicious prosecution, assault and battery. *Ciamar Marcy v. Monteiro Da Costa*, 508 So.2d 1282 (Fla. 3rd DCA 1987). *See also, Platte v. Whitney Realty Co.*, 538 So.2d 1358 (Fla. 1st DCA 1989); *Cardenas v. Miami–Dade Yellow Cab Co.*, 538 So.2d 491 (Fla. 3d DCA 1989), *rev. dismissed,* 549 So.2d 1013 (Fla.1989). The Court agrees with Plain-

tiff, and denies Defendants' motion to dismiss as to this issue.

■ 5. Defendants assert that the Sixth, Seventh and Eighth Counts of the Complaint regarding Defendants' alleged malicious prosecution of Plaintiffs be dismissed because the complaint affiant for Plaintiffs' prosecution was a person not a party to this action. Plaintiffs respond that the affiant was "procured" by the Defendants in order to effect their prosecution. This Court finds that the question of whether the affiant was "procured" by the Defendants to effect a malicious prosecution by them is one for the jury and not for consideration on a motion to dismiss. Defendants' motion to dismiss Counts Six, Seven and Eight is denied.

6. Defendants assert that paragraph Six of the Complaint is unnecessary and redundant, and as such move to strike it from the Complaint. Plaintiffs respond that in some Counts of the Complaint the Defendant, Crow, is being sued in his official capacity, and in others he and his deputies, the remaining Defendants, are sued in their personal capacities. Plaintiffs have plead the Complaint in the alternative as against Defendants either in their official or personal capacities. Paragraph Six is merely an introductory one, and Plaintiffs have the right to plead matters of proof in the alternative. Defendants' capacities in relation to the alleged wrongdoings are questions of fact, for the jury to decide. Defendants' Motion to Strike is denied.

7. Defendants assert that the Complaint as a whole is vague and move for a more definite statement regarding each and every count. This Court finds that the Complaint as a whole adequately puts the Defendants on notice of Plaintiffs' claims against them and sets forth sufficient information from which to frame a responsive pleading. Although Counts One, Two and Three speak more generally of the deprivations of Plaintiffs' constitutional rights, Counts Four through Thirteen sufficiently advise Defendants of the dates and times of their alleged wrongdoings. Plaintiffs further responded that the amount of damages sought and the allocation of such

to individual Defendants is not necessary in the pleading stage, but may be declared later, or determined by the jury. This Court agrees; Defendants' motion as to this matter is denied.

8. This Court incorporates the above arguments in regard to *pro se* Defendant WILLIAM HAYNES' motions:

### A. *Motion for a More Definite Statement:*

Defendant HAYNES was named as one of many defendants and as such is included in the term "the defendants" by Plaintiffs in the First, Second, Third, Eleventh, Twelfth and Thirteenth Counts of their Complaint. He is specifically named in the caption of the Complaint and Defendant HAYNES' motion as to this issue is denied.

### B. *Motion to Dismiss:*

(1) Based on the above statement of the law according to *Conley v. Gibson*, Defendant HAYNES' motion to dismiss Counts One, Two and Three for failure to state a cause of action is denied.

(2) Subsequently, defendant HAYNES' motion to dismiss the pendant State claims of Counts Eleven, Twelve and Thirteen by Plaintiffs for lack of jurisdiction is likewise denied. This Court elects pendant jurisdiction over Plaintiffs' state claims as they are deemed to have derived from a common nucleus of operative fact.

### C. & D. *Motion to dismiss Punitive Damage and Florida Tort claims:*

Defendant HAYNES asserts that the punitive damages and Florida tort claims be dismissed against him as he was acting in an official capacity at the time of the alleged wrongdoings, and thus under Florida law, he is immune from either type of claim. As explained above, this Court deems all Defendants' capacities as questions of fact, to be decided by the jury, and not on a motion to dismiss. Therefore, Defendant HAYNES' motion on this issue is denied. Accordingly, it is

ORDERED that Defendants' motion to dismiss the claims of the individual Plaintiffs other than L.S.T., Inc. and HARVEY ADAMS is *denied;* it is further

ORDERED that Defendants' motion to dismiss Plaintiffs' punitive damage claims is *denied,* and grants Plaintiffs leave to amend their complaint within twenty (20) days from the entry of this order; it is further

ORDERED that Defendants' motion to dismiss the Florida tort claims is *denied;* it is further

ORDERED that Defendants' motion to dismiss the State tort punitive damage claims is *denied;* it is further

ORDERED that Defendants' motion to dismiss the malicious prosecution claims of the Sixth, Seventh and Eighth Counts of the Complaint is *denied;* it is further

ORDERED that Defendants' motion to strike paragraph Six of the complaint is *denied;* it is further

ORDERED that Defendants' motion for a more definite statement as to the entire complaint is *denied;* it is further

ORDERED that Defendant HAYNES' motion for a more definite statement as to Counts One, Two, Three, Eleven, Twelve and Thirteen is *denied;* it is further

ORDERED that Defendant HAYNES' motion to dismiss the claims of Plaintiffs in Counts Eleven, Twelve and Thirteen is *denied;* it is further

ORDERED that Defendant HAYNES' motion to dismiss punitive damages is *denied;* it is further

ORDERED that Defendant HAYNES' motion to dismiss the Florida tort claims is *denied.*

DONE AND ORDERED.