**WATER INTERNATIONAL NETWORK, U.S.A., INC., Plaintiff,**

v.

**Douglas A. EAST, Clark D. East, Florida East Coast Water Treatment Inc., a Florida corporation, and Enviro Water Manufacturing Corporation, a Florida corporation, Defendants.**

**No. 95–016–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

July 7, 1995.

**1480**

Thomas R. Harbert, Mateer, Harbert & Bates, P.A., Orlando, FL, for plaintiff.

Hugh Nilsen Smith, Smith & Fuller, P.A., Tampa, FL, for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Dismiss (Docket No. 12) and Plaintiff's response thereto. (Docket No. 14)

### I. Standard of Review

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### II. Background

Plaintiff in this action, Water International Network, (WIN–USA) filed it's Complaint on January 6, 1995, and alleged that Defendants, Douglas A. East, Clark D. East, Florida East Coast Water Treatment, Inc., (FEC), and Enviro Water Manufacturing Corp., (ENVIRO), engaged or participated in a pattern of racketeering activity which has caused injury to the business of the Plaintiff. More specifically, WIN–USA was incorporated on August 7, 1992, consisting of the following shareholders: Douglas A. East, Clark D. East, Raymond W. Ver Hoeve and Wayne Sneed. The plan of operation for WIN–USA was to purchase water vending machines from (FEC), a corporation believed to be wholly owned and controlled by Douglas A. East. (FEC) purportedly granted WIN–USA an exclusive right of representation in the State of Florida of Water Star vending machines made in Arizona and other vending machines distributed by (FEC). Plaintiff contends that commencing in or about August 1992, and continuing through May of 1994, Defendants, through U.S. mail and interstate wires, solicited from Ver Hoeve, Sneed, fifteen (15) individual investors and a national bank approximately 1.7 million dollars, in return for which promissory notes were signed obligating repayment by WIN–USA.

The alleged purpose of the repeated solicitations was to purchase water vending machines from (FEC) as authorized by the WIN–USA Board of Directors. Plaintiff has alleged that (FEC) generated bogus invoices and accepted payment for water vending machines which were never delivered. Furthermore, Plaintiff alleges that the solicitations made by Defendants were based on knowingly false and misleading representations as to the financial profitability of the current water vending machines.

Next, Plaintiff contends that in or about April, 1993, the Defendants, through (FEC) and without Board of Director approval, began purchasing substandard, less expensive water vending machines manufactured by (ENVIRO), a corporation believed by Plaintiff to be wholly owned and controlled by Douglas A. East. Plaintiff has alleged that (ENVIRO) participated in the conduct of the enterprise by manufacturing and accepting payment for water vending machines, the purchase of which was not authorized by the WIN–USA Board of Directors. Finally, Plaintiff asserts that continuously throughout the period of months indicated herein, Defendants, through U.S. Mail and interstate wires, repeatedly and knowingly made misrepresentations regarding the financial position of WIN–USA to procure investment monies.

### III. Count I: Federal RICO

The Plaintiff's first cause of action is pursuant to 18 U.S.C. § 1964, The Racketeer Influenced and Corrupt Organizations Act (RICO). The United States Supreme Court has defined compensable injury under 18 U.S.C. § 1964(c) to be harm caused by the predicate acts. "[A] plaintiff has standing to sue only 'to the extent that he has been injured ... by the conduct constituting the violation.'" *Morast v. Lance*, 807 F.2d 926, 933 (11th Cir.1987) (*quoting Sedima*, 473 U.S. at 479, 105 S.Ct. at 3275) "Any recoverable damages ... will flow from the commission of the predicate acts." *Sedima*, 473 U.S. at 479, 105 S.Ct. at 3275.

A claim of civil RICO under 18 U.S.C. § 1964(c) necessarily alleges a violation of section 1962. *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 495, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985); *Outlet Communications v. King World Productions,* 685 F.Supp. 1570 (M.D.Fla.1988). "Section 1962 ... makes it unlawful for 'any person' ... to use money derived from a pattern of racketeering activity." *Sedima,* 473 U.S. at 495, 105 S.Ct. at 3284. The existence of an enterprise, defined in section 1961(4), must be alleged and proved. *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981); *Outlet,* 685 F.Supp. at 1579.

First, Defendants contend that Plaintiff, WIN–USA, has not been injured in its business or property by reason of a violation of 18 U.S.C. § 1962, as required by 18 U.S.C. § 1964, and, thus, lacks standing. To the contrary, the Plaintiff asserts that fraudulent financial reports submitted by U.S. Mail and interstate wire to Plaintiff, through its Board of Directors, and other investors, caused the Plaintiff to expend capital for investment in: (1) the unauthorized purchase of substandard, less expensive water vending machines from (ENVIRO), a corporation believed to be wholly owned and controlled by Douglas A. East, a Defendant herein and (2) in allegedly non-existent water vending machines while obligating WIN–USA to repay the incurred debt. Therefore, Plaintiff has alleged sufficient injury to establish standing to sue under 18 U.S.C. § 1964(c).

Second, Defendants suggest that Plaintiff's alleged predicate acts of mail and wire fraud are deficient. To state a claim for mail fraud, under 18 U.S.C. § 1341, or for wire fraud, under 18 U.S.C. § 1343, the complaint must allege: (1) the existence of a scheme to defraud, (2) defendant's knowing or intentional participation in the scheme, and (3) the use of interstate mails or wire communications in furtherance of the scheme. *Griffin v. McNiff,* 744 F.Supp. 1237, 1255 (S.D.N.Y.1990). Plaintiff has adequately alleged the required elements for mail and wire fraud respectively.

Third, Defendants contend that the complaint lacks the particularity required by Federal Rule of Civil Procedure 9(b). That rule imposes a heightened pleading burden whenever fraud is alleged in order to provide defendants with fair notice of the claims ... *Bernstein v. Crazy Eddie, Inc.,* 702 F.Supp. at 962 (E.D.N.Y.1988) (vacated on other grounds) (*In re Crazy Eddie Securities Litigation,* 714 F.Supp. 1285 (E.D.N.Y.1989)). Federal Rule of Civil Procedure 9 must be read in harmony with Federal Rule of Civil Procedure 8, which simply requires the Plaintiff to make a short and plain statement of the claim entitling him to relief. *Friedlander v. Nims,* 755 F.2d 810 (11th Cir.1985). The object of Federal Rule of Civil Procedure 9 is to ensure that a Plaintiff provide a description of the claim sufficient to permit the defendant to intelligently answer the complaint. Plaintiff's complaint in the instant litigation satisfies the requisite particularity of Rule 9 and sufficiently informs Defendants of the underlying claim so that Defendants may frame an answer.

Fourth, the Defendants contend that Plaintiff has failed to allege facts which would establish a pattern of racketeering as required by 18 U.S.C. § 1964. A "pattern of racketeering" is defined as "at least two acts of racketeering activity" occurring within a specified time. *Outlet,* 685 F.Supp. at 1570 (M.D.Fla.1988). "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce a pattern." *Sedima,* 473 U.S. at 496 n. 14, 105 S.Ct. at 3285 n. 14. In this Circuit, the Plaintiff must "allege definitely an enterprise as well as to state a 'threat of continuing activity' necessary to allege a pattern of racketeering activity ..." *Outlet,* 685 F.Supp. at 1581.

The first part of the two-pronged analysis in establishing a pattern of racketeering activity is the notion of related acts. Related acts under RICO is interpreted to mean criminal conduct which forms a pattern. The criminal acts must have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise be interrelated by distinguishing characteristics which are not isolated events. 18 U.S.C.

§ 3575(e). *Colonial Penn Ins. Co. v. Value Rent–A–Car Inc.*, 814 F.Supp. 1084 (S.D.Fla. 1992).

In the present case, WIN–USA alleges several acts of mail and wire fraud for the purpose of communicating fraudulent misrepresentations regarding Plaintiff's financial situation. Each act is alleged as a separate violation of the mail and wire fraud statutes, and, thus, each act is considered a separate and distinct predicate act. They are related, as they share a common purpose which was to defraud WIN–USA, among others. Thus, the alleged acts satisfy the requisite relatedness.

The second prong in satisfying a pattern of racketeering activity is the continuity requirement. Defendants contend that WIN–USA has failed to allege the requisite continuity.

Continuity encompasses both a close-ended and open-ended concept. A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicate acts over a substantial period of time. Otherwise, it must be shown that the predicate acts establish a threat of long-term racketeering activity. *Colonial Penn. Ins. Co. v. Value Rent–A–Car Inc.*, 814 F.Supp. at 1094, (citing), *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

WIN–USA alleges repeated acts of mail and wire fraud between the parties commencing in August, 1992, and terminating in May, 1994. This twenty-two (22) month period of solicitations satisfies the continuity requirement. Furthermore, if the Board of Directors had not accepted the resignation of Defendant Clark D. East, and ousted Defendant Douglas A. East, the scheme could presumably have continued. WIN–USA has sufficiently alleged a pattern of racketeering as required by 18 U.S.C. § 1964.

Fifth, Defendants contend Plaintiff has not pled the existence of an "enterprise". Plaintiff has alleged that a group of corporations and individuals conducted the alleged RICO scheme, and Plaintiff has identified those corporations and individuals. To plead the existence of an enterprise, it is sufficient simply to identify it. *Seville Industrial Ma-chinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 790 (3rd Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). The enterprise may be an informal association with the common purpose of making money from the alleged schemes. *United States v. Cagnina*, 697 F.2d 915 (11th Cir.), *cert. denied*, 464 U.S. 856, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983).

Further, Defendants contend that Plaintiff has not pled the existence of a conspiracy. To state a conspiracy claim, "plaintiff must allege that each defendant, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise." *First City National Bank and Trust v. Fed. Deposit Ins. Co.*, 730 F.Supp. 501, 509 (E.D.N.Y.1990). The Plaintiff's complaint alleges facts from which a jury might infer that Defendants "by words or actions, manifested an agreement" with one another, to conspire in the furtherance of the common purpose of a RICO enterprise. This is sufficient to survive a motion to dismiss.

## IV. Count II: Federal RICO

Count II of Plaintiff's complaint alleges a violation of 18 U.S.C. § 1962(c) on the part of both Douglas A. East and Clark D. East. Section 1962(c) provides:

> It shall be unlawful for any person ... associated with any enterprise engaged in interstate or foreign commerce, to ... participate ... in the conduct of such enterprise's affairs through a pattern of racketeering activity.

Plaintiff's complaint adequately alleges that Defendants, Douglas A. East and Clark D. East, participated in the conduct of the enterprise's affairs through a pattern of racketeering activity.

Further, Plaintiff's complaint alleges a violation of section 1962(d) on the part of both Douglas A. East and Clark D. East. Section 1962(d) provides:

> It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

To state a conspiracy claim, "plaintiff must allege that each defendant, by words or ac-

tions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise." *First City Nat'l Bank and Trust v. Fed. Deposit Ins. Co.*, 730 F.Supp. 501, 509 (E.D.N.Y. 1990). As stated above, Plaintiff's complaint adequately alleges that these Defendants conspired in furtherance of the common purpose of the RICO enterprise.

Finally, Count II of Plaintiff's complaint alleges violations of 18 U.S.C. § 1341 and § 1343. Plaintiff has sufficiently alleged the use of U.S. Mail and interstate wire communication for the purpose of executing the fraudulent scheme alleged within.

## V. Count III: Florida Civil Remedies for Criminal Practices Act

Pursuant to Florida Statute Chapter 772.101 *et seq.*, Plaintiff asserts a state law claim under the Florida Civil Remedies for Criminal Practices Act. Defendants base their Motion to Dismiss Count III on the anticipation of the dismissal of Counts I and II. This Court's refusal to dismiss Counts I and II based on Federal law vitiates the Defendants' argument with respect to the claim under the Florida Civil Remedies for Criminal Practices Act and the state law claims which follow.

## VI. Count IV: Fraud

■ As to the Count IV state law claim, Defendants contend that Plaintiff has not pled fraud with the requisite specificity. Florida Rule of Civil Procedure 1.120(b) provides, "in all averments of fraud, the circumstances constituting fraud shall be stated with such particularity as the circumstances permit." For a complaint to state a cause of action for fraud it must contain a short and plain statement setting forth the following elements: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) the representor's intent that the representation will induce another to act on it; and (4) the other party's reliance on the representation which results in injury to him. *Greatland Gold Inc., v. Berger*, 617 So.2d 870 (Fla.Dist. Ct.App.2 1993) (citing), *C & J Sapp Publishing Co., v. Tandy Corp.*, 585 So.2d 290 (Fla. Dist.Ct.App.2 1991). Plaintiff's complaint includes all of these elements.

■ Further, Defendants seek dismissal of Plaintiff's claim for punitive damages. Florida Statute Section 768.72 prohibits a claim for punitive damages "unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." This Court finds that the requirements of 768.72 have been met. Plaintiff's allegations of a violation of Federal and Florida RICO statutes constitute a reasonable basis upon which punitive damages could be awarded. *Knight v. E.F. Hutton and Co., Inc.*, 750 F.Supp. 1109 (M.D.Fla. 1990). Furthermore, the Florida courts have upheld complaints containing allegations of 768.72 violation with little more than a statement of entitlement, especially where malice is an essential element of the tort. *L.S.T., Inc., v. Crow*, 772 F.Supp. 1254 (M.D.Fla. 1991). Therefore, Plaintiff's Count IV is adequate to withstand Defendants' motion to dismiss.

## VII. Count V: Conversion

■ In Count V, WIN–USA alleges that Defendants, Douglas A. East and Clark D. East, converted corporate funds. More specifically, the Plaintiff alleges conversion as follows: (1) the unauthorized purchase of substandard, less expensive water vending machines from ENVIRO, a corporation believed to be wholly owned and controlled by Douglas A. East and (2) the collection of funds from water vending machines in that such funds were not deposited into the bank account of Plaintiff. Defendants contend that Plaintiff has pled nothing more than the conversion of unspecific and unidentified monies. Taking the facts in the light most favorable to the plaintiff, this Court is not prepared to state that the Plaintiff can prove no set of facts upon which WIN–USA would be entitled to relief.

## VIII. Count VI: Breach of Fiduciary Duty

■ Count VI of the complaint is based on a breach of fiduciary duty. The Court concludes that Plaintiff has stated a valid cause of action for breach of fiduciary duty. The General Standards for Directors is defined in Florida Statute Section

607.0830(1)(a)–(c) which provide: "a director shall discharge his duties in good faith, with the care of an ordinary prudent person in a like position and in a manner he reasonably believes to be in the best interest of the corporation."

Plaintiff alleges that the duty to act in accordance with such statute has not been met. Defendants contend that Count VI is governed by contract principles. In making that argument, Defendants rely on cases which address a contractual relationship from which a tort arises. There is no contract in dispute between the parties to this case. Therefore, Defendants' argument is misplaced. Tort principles apply and punitive damages are available. Accordingly, it is

**ORDERED** that the Motion to Dismiss (Docket No. 12) be **denied** and the Defendants **shall have** (10) days from this date to answer the complaint.

**DONE and ORDERED.**