925 So.2d 377 (2006)
Ronald H. INGRAHAM, Appellant,
v.
TRAVELERS INDEMNITY COMPANY, etc., et al., Appellees.
No. 3D03-1813.
District Court of Appeal of Florida, Third District.
March 8, 2006.
Rehearing Denied April 6, 2006.
*378 Ronald H. Ingraham, in proper person.
Hicks & Kneale, Mark Hicks, Miami, James H. Wyman, Fort Lauderdale, and Dinah S. Stein, Miami, for appellees.
Before GREEN, FLETCHER, and SHEPHERD, JJ.
SHEPHERD, J.
This case is before us on remand from the Florida Supreme Court. In Ingraham v. Travelers Indemnity Co., 875 So.2d 667 (Fla. 3d DCA 2004), this court per curiam affirmed the trial court's dismissal of appellant's amended complaint with prejudice. In our earlier decision, we relied upon Inservices, Inc. v. Aguilera, 837 So.2d 464 (Fla. 3d DCA 2002) (Aguilera I), which has since been quashed by the supreme court. See Aguilera v. Inservices, Inc., 905 So.2d 84 (Fla.2005) (Aguilera II). The Supreme Court therefore quashed our prior decision and remanded for reconsideration. See Grace v. Royal Indem. Co., 911 So.2d 1235 (Fla.2005). Appellant argues that Aguilera II affords him a cause of action against the Travelers Indemnity Company. We disagree and again affirm the dismissal of the plaintiff's complaint with prejudice.
In 1998, appellant, Ronald Ingraham, filed a workers' compensation claim against his employer, Interval Holdings, Inc., seeking compensation for vocal laryngitis that he alleges he contracted as a result of his job-related duty of responding to telephone inquiries from Interval customers. Interval's workers' compensation insurer at the time was Travelers Indemnity Company. In 2002, Travelers settled the claim for a lump-sum payment of $5,000. In 2003, Ingraham sued Travelers. In his pro se amended complaint, Ingraham alleges that Travelers acted in bad faith toward him during the course of the claims process, and sought to plead causes of action against Travelers for waiver, estoppel, and "meritless defense." Accepting the allegations of Ingraham's amended complaint in a light most favorable to him, see Abrams v. Gen. Ins. Co., 460 So.2d 572, 573 (Fla. 3d DCA 1984), Ingraham's bad faith cause of action is based upon allegations that Travelers violated section 626.9541(1)(i)3, Fla. Stat. (1998) by furnishing allegedly contradictory information in denial of claim forms furnished to him, ignoring evidence supporting his claim, and instructing Interval long after Ingraham's termination "to run revised . . . job ads" for the position held by him "which [explicitly] sought applicants `with the ability to handle a heavy call volume.'" Ingraham's waiver and estoppel claims are based, in substance, upon Travelers' purported failure to respond or respond adequately to his claim; the "meritless defense" claim alleges that Travelers failed to raise a justiciable issue of either law or fact during the course of its resistance of Ingraham's claim prior to the settlement. Ingraham has made it clear in his filings below and here that leave to amend would not assist him further in stating a cause of action against Travelers.
In Aguilera II, the Florida Supreme Court reaffirmed the long standing law of this state "that the [state's] workers' compensation legislation does immunize an insurance *379 carrier for mere negligent conduct, simple bad faith and minor delays in payment. . . ." Aguilera II, 905 So.2d at 93 (emphasis added). However, the Court also concluded that if during the course of the claims handling process where a workers' compensation insurer commits an independent, intentional tort that is sufficiently separate, "subsequent to and distinct from the original workplace injury," id. at 92, the immunity otherwise afforded to employer and insurer under the workers' compensation statute's exclusivity provisions, §§ 440.10, 440.11, Fla. Stat. (2000) does not pertain. Thus, in Aguilera II, the Florida Supreme Court reversed a decision of this Court that ordered the trial court to dismiss Aguilera's complaint with prejudice, holding that the insurance adjuster's affirmative conduct inflicting damage on the claimant, including "actually block[ing] receipt of prescription medication prescribed to [Aguilera] by the hospital emergency physician" and "unilaterally cancel[ling] medical testing prescribed by [the workers' compensation carrier's] own physician," id. at 96, was sufficiently outrageous, separate, subsequent to and distinct from the original workplace injury to state a cause of action against Inservices, Inc. The allegations made by Ingraham do not approach the exceptional circumstance indicated by the Florida Supreme Court, as illustrated by the facts of its Aguilera decision, where a separate cause of action may lie.
Affirmed.