RYDER, Acting Chief Judge.
Miles Plastering & Associates, Inc. challenges the trial court’s entry of final summary judgment in favor of MeDevitt & Street Company and the dismissal of its civil theft counts in this action for breach of contract and civil theft. We reverse in part and affirm in part.
Miles, a subcontractor on a construction project, brought this action in December of 1988, against MeDevitt, the general contractor, alleging breach of contract and civil theft. MeDevitt moved for summary judgment on the ground that the applicable four-year statute of limitations regarding improvements to real property had run. § 95.11(3)(c), Fla.Stat. (1989). Miles responded arguing that the applicable statute of limitations was the five-year statute regarding contracts found in section 95.11(2)(b), Florida Statutes (1989).
Miles also argues that the trial court could not grant summary judgment based on the running of the statute of limitations because there existed a dispute concerning when the time actually began to run. MeDevitt claims that Miles was aware of a breach of contract when MeDevitt informed Miles that they were not going to be paid in October of 1984. Miles, on the other hand, argues that the subcontract required that Miles request information on backcharges in response to McDevitt’s *932 statement that Miles would not be paid. Upon McDevitt’s refusal to supply the requested information in January and May of 1985, Miles argues a breach occurred and the statute time began to run. Miles argues, alternatively, that the statute did not begin to run until they discovered, in late 1987 or early 1988, that the work for which McDevitt had backcharged them was not work which Miles had contracted to do in the first place.
Because there is a genuine issue of material fact regarding exactly when the statute time began to run, it was error for the trial court to grant final summary judgment based on the fact that any statute of limitations had run. See Otis Elevator Co. v. Employers Insurance of Wausau, 526 So.2d 727 (Fla. 3d DCA), review denied, 536 So.2d 244 (Fla. 1988); Waters v. Nu-Car Carriers, Inc., 500 So.2d 224 (Fla. 1st DCA 1986).
Because of our disposition of the case on the issue set forth above, we do not reach the question of which statute of limitation is applicable here. If the jury believes Miles’ arguments on when the time began to run, Miles would have timely filed its complaint under either statute in question.
Upon motion by McDevitt, the trial court also dismissed Miles’ claims for civil theft. The dispute in this case is over an amount of money owed under a contract. The amount is unknown by the parties and there is not an identifiable account or piece of property from which the money is to be paid. Cf. Auerbach v. McKinney, 549 So.2d 1022 (Fla. 3d DCA 1989) (attorney’s appropriation of client’s $2,500,000.00 settlement award constitutes a theft of client’s property). Under these circumstances, the trial court was correct in dismissing the civil theft counts under the authority of Futch v. Head, 511 So.2d 314 (Fla. 1st DCA), review denied, 518 So.2d 1275 (Fla.1987) and Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), review denied, 494 So.2d 1151 (Fla.1986).
Miles’ reliance on Warren v. Monahan Beaches Jewelry Center, 548 So.2d 870 (Fla. 1st DCA 1989), is misplaced. In Warren, there was no contract like the one in this case. Warren involved a consumer relationship and deceptive and unfair trade practices. Futch and Rosen make it clear that in contract cases like the one here, a count for civil theft will not lie.
Accordingly, the order of final summary judgment is reversed and the order dismissing the civil theft counts is affirmed.
Reversed in part, affirmed in part.
DANAHY and THREADGILL, JJ., concur.