**COLONIAL PENN INSURANCE COMPANY, Plaintiff,**

v.

**VALUE RENT–A–CAR INC.,** Consumer Auto Rentals, Inc. a/k/a Consumer Automobile Services, Inc., d/b/a Value Rent–A–Car, Flagship Rent–A–Car, Quality Rent–A–Car, Transportation Insurance Services, Inc., and Sidney H. Cohen, Defendants.

No. 91–0036–CIV.

United States District Court, S.D. Florida.

Dec. 8, 1992.

Richard Dunn, Dunn & Lodish, Miami, FL, for Value Rent–A–Car.

Frederick W. Sall, Zuderman, Spaeder, Taylor & Evans, Miami, FL, for Sidney H. Cohen.

Jill Nexon Berman, Valdes–Fauli, Cobb, Bischoff & Kriss, Miami, FL, for Consumer Auto Rentals.

Ann T. Field, Patrick J. O'Conner, Cogen & O'Conner, Philadelphia, PA, for Colonial Penn.

## ORDER DENYING MOTIONS TO DISMISS IN PART AND GRANTING MOTIONS TO DISMISS IN PART

MORENO, District Judge.

THIS CAUSE came before the Court upon defendant Value Rent–A–Car's motion to dismiss (Docket Entry No. 83), defendant Consumer Auto Rental's motion to dismiss (Docket Entry No. 101), and defendant Sidney H. Cohen's motion to dismiss (Docket Entry No. 98) the second amended complaint.

THE MATTER was referred to the Honorable William C. Turnoff, United States Magistrate. A Report and Recommendation dated July 23, 1992 has been filed, recommending that the motions be granted in part and denied in part. Defendant Cohen filed objections on August 7, 1992. Defendant Value filed objections on August 14, 1992.

The Court has reviewed *de novo* the entire file and record of this matter, and being otherwise fully advised in the premises, it is

ADJUDGED that United States Magistrate Turnoff's Report and Recommendation of July 23, 1992 is RATIFIED, AFFIRMED and APPROVED in its entirety and defendants' objections are OVERRULED. Accordingly, it is

ADJUDGED as follows:

1. Defendants Value, Consumer and Cohen's Motions to dismiss federal RICO counts I through IV on the grounds that they are barred by the statute of limitations are DENIED without prejudice to refile as a motion for summary judgment.

2. Defendants Value, Consumer and Cohen's Motions to Dismiss federal RICO counts I through IV for failure to state a claim are DENIED.

3. Defendants Value, Consumer and Cohen's Motion to dismiss federal RICO count I and Florida RICO count V for failure to adequately plead injury are DENIED.

4. Defendants Value, Consumer and Cohen's Motions to dismiss federal RICO count II and Florida RICO count VI are DENIED.

5. Defendant Consumer's motion to dismiss federal RICO count IV and Florida

RICO count VIII for failure to adequately plead conspiracy is GRANTED. However, defendant Cohen's motion to dismiss federal RICO count IV and Florida RICO count VIII for failure to adequately plead conspiracy is DENIED.

6. Defendants Value and Consumer's Motions to dismiss federal RICO counts I through IV because the federal RICO statute is unconstitutionally vague are DENIED.

7. Defendants Value, Consumer and Cohen's Motions to dismiss Florida RICO counts V through VIII for failure to state a claim are DENIED.

8. Defendants Value, Consumer and Cohen's Motions to dismiss Florida civil theft count IX are DENIED without prejudice to refile as a motion for summary judgment, or to move for judgment as a matter of law after plaintiff rests its case.

9. Defendants Value and Consumer's Motions to dismiss breach of contract counts X through XIII are DENIED.

10. Defendant Cohen's motion to dismiss Florida fraud count XIV as to Cohen, on the ground that it is barred by the statute of limitations is GRANTED.

11. Defendants Value and Consumer's Motions to dismiss Florida fraud count XIV, on the ground that a party to a contract may not pursue a claim in tort for purely economic losses are GRANTED.

With respect to the counts that were not dismissed, defendants Value, Consumer and Cohen must file an answer within ten (10) days from the date of entry of this order.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

TURNOFF, United States Magistrate Judge.

This Cause has been referred to the undersigned United States Magistrate Judge by the Honorable Federico A. Moreno, United States District Judge, for a Report and Recommendation in accordance with 28

U.S.C. § 636(b). Oral argument was held before the undersigned on June 18, 1992. Under consideration are Defendant Value Rent–A–Car's Motion to Dismiss (D.E. 83), Defendant Consumer Auto Rentals' Motion to Dismiss (D.E. 101) and Defendant Sidney H. Cohen's Motion to Dismiss (D.E. 98) the Second Amended Complaint[1].

Plaintiff, COLONIAL PENN INSURANCE COMPANY ("Colonial"), filed this action against Defendants, alleging violations of the Racketeer Influenced and Corrupt Organizations Act: 18 U.S.C. § 1962 et seq. ("Federal RICO"); Florida Civil Remedies for Criminal Practices Act: Fla.Stat. § 772.-103 et seq., ("Florida RICO"); Florida Civil Remedies for Criminal Practices, Civil Remedy for Theft: Fla.Stat. § 772.11 and 812.014, ("civil theft"); breach of contract and fraud.

## BACKGROUND

Colonial is engaged in the business of providing insurance coverage. Value Rent–A–Car, Inc. ("Value") and Consumer Auto Rentals, Inc. ("Consumer") are engaged in the business of renting automobiles. Transportation Insurance Services, Inc. ("TIS"), is engaged in the business of brokering insurance for Value and Consumer.

Colonial entered into agreements providing insurance to Value and Consumer over a two year period. On or about March 1, 1985, Colonial issued Policy No. AGL 150089, a General Liability Policy and No. AXL 150089, an Excess Policy to Value and Consumer effective March 1, 1985 through March 1, 1986. Pursuant to Endorsement No. 17 of the General Liability Policy, Value and Consumer agreed to pay premiums to Colonial at the rate of 6.26% of their gross receipts. Pursuant to Endorsement No. 3 of the Excess Policy, Value and Consumer agreed to pay premiums at a rate of 1.565% of their gross receipts. The endorsements to both the general and excess policies provided that the minimum gross receipts per vehicle would be no less than $350.00 per month. (*Complaint,* ¶¶ 12–15).

---

1. All references to the "Complaint" herein, refer to the Second Amended Complaint filed on November 15, 1991.

On or about March 1, 1986, Colonial issued Renewal Policy No. AGL 150541 and Excess Renewal Policy No. AXL 150541 to Value and Consumer. These policies were effective March 1, 1986 through March 1, 1987. Pursuant to Endorsement No. 10 of the Renewal Policy, Value and Consumer agreed to pay a premium at the rate of 7.4% of their gross receipts. Pursuant to Endorsement No. 2 of the Excess Renewal Policy, Value and Consumer agreed to pay a premium at the rate of 1.85% of gross receipts. The endorsements on both the Renewal Policy and the Excess Renewal Policy provided that the minimum gross receipts per vehicle would be no less that $325.00 per month.[2]

At all times relevant to Colonial's Second Amended Complaint, Defendant Sidney H. Cohen ("Cohen"), was President and sole shareholder of Value, and President and a shareholder of Consumer. (*Complaint,* ¶ 9). For each month that one or more of the Colonial Policies was in effect, Value and Consumer, through their President, Cohen, submitted combined fleet reports in which they accounted for the number of automobiles insured under the Colonial Policies and the monthly gross receipts derived from the rental of these vehicles. These reports allegedly contained a fraudulent accounting and were sent by Value and Consumer either to Colonial or its agent, Rales Insurance Broker, Inc. ("agent Rales"), interstate, via the U.S. mail. (*Complaint,* ¶¶ 25–27, 34).

Colonial relied on the representations contained in the fleet reports in calculating the total premium that Defendants owed Colonial each month pursuant to the Colonial Policies. As a result, Colonial issued two checks to Defendants in the amounts of $95,607.56 and $9,197.44 as a rebate or refund of premium and/or premium deposit. (*Complaint,* ¶¶ 22, 27).

## PROCEDURAL HISTORY

Colonial initiated the present action in the United States District Court for the Eastern District of Pennsylvania which transferred the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) upon motions of Defendants Value and Consumer. Subsequent to Colonial filing the Second Amended Complaint, Defendants Cohen, Value and Consumer filed three separate Motions to Dismiss. Consumer has adopted all arguments advanced by Value and Cohen within their respective separately filed Memoranda of Law and Motions to Dismiss.

In their respective Motions to Dismiss, Defendants frequently advance similar arguments. Accordingly, in this Report and Recommendation, arguments common to each Defendant have been addressed collectively.

## DISCUSSION

Dismissal is proper under Fed. R.Civ.P. 12(b)(6) where a complaint fails to state a claim upon which relief can be granted. However, the Court is confined to a review of the pleadings, must accept the pleaded facts as true, and must resolve any factual issues in a manner favorable to the non-moving party. See, *Quinones v. Durkis,* 638 F.Supp. 856, 858 (S.D.Fla.1986). Thus, a claim is subject to dismissal under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Plaintiff need only provide a short and plain statement of the claim showing that he is entitled to relief. Fed.R.Civ.P. 8(a)(2).

1. Defendants Value, Consumer and Cohen's Motions to Dismiss Federal RICO Counts I through IV On the Grounds That They Are Barred by the Statute of Limitations. (D.E. 83, 101, 98).

Value, Consumer and Cohen urge this Court to dismiss the Federal RICO claims on the basis that Colonial failed to bring the Federal RICO cause of action within the four year statutory period. Specifically, Cohen claims that Colonial was aware of the RICO cause of action in July of 1987 as evidenced by Colonial's allegation in the complaint that

---

**2.** The General Liability Policy, Excess Policy, Renewal Policy and Excess Renewal Policy are collectively referred to hereinafter as the "Colonial Policies."

its agent suspected underreporting in July of 1987.

Colonial does not dispute that it suspected under-reporting of gross receipts by Defendants as early as July of 1987. Colonial specifically alleges that its agent, Rales, refused to approve the fleet reports of Value's revenue prepared by Value's accountants on July 1, 1987, because of suspected under-reporting of gross receipts by Value. (*Complaint,* ¶¶ 28–29).

■ However, injury from a single predicate act does not evolve into a RICO injury until a pattern of racketeering activity has developed. Thus, an injured party must know, or have reason to know, that his injury is part of a pattern before he can be expected to file a civil RICO cause of action. *Bivens Gardens Office Bldg., Inc. v. Barnett Bank,* 906 F.2d 1546 (11th Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 1695, 114 L.Ed.2d 89 (1991). (emphasis added). The Eleventh Circuit has held that a civil RICO cause of action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern. *Id.* at ——, 111 S.Ct. at 1554; *Wilder v. Meyer,* 779 F.Supp. 164 (S.D.Fla.1991).

■ While Colonial admits that Rales suspected under-reporting in July of 1987, Colonial alleges that it was not aware of a pattern of racketeering activity until March of 1988. (*Complaint,* ¶ 31). Since a potential plaintiff has not been injured under RICO until the pattern element has been satisfied, it is inappropriate to start the limitations period before the pattern is fully developed. *Keystone Ins. Co. v. Houghton,* 863 F.2d 1125, 1131 (3rd Cir.1988).

According to Colonial's allegations, Colonial learned of the pattern of racketeering activity in March of 1988. The statutory period would therefore expire four years from that time, March of 1992. Colonial filed Federal RICO claims against Value and Consumer on February 28, 1990 and against Cohen on August 9, 1991, both within the statute of limitations period. Therefore, it is the RECOMMENDATION of the under-

signed that Defendants Value, Consumer and Cohen's Motions to Dismiss Counts I through IV of Plaintiff's complaint on the basis that they are barred by the statute of limitations, be DENIED.

2. Defendants Value, Consumer and Cohen's Motions to Dismiss Federal RICO Counts I through IV for Failure to State a Claim. (D.E. 83, 101, 98).

Value and Consumer assert that Colonial has failed to "prove" certain allegations. (*Consumer's Motion to Dismiss,* p. 9 and *Value's Motion to Dismiss,* p. 11). Dismissal is proper under Fed.R.Civ.P. 12(b)(6) where a complaint fails to state a claim upon which relief can be granted. However, the Court is confined to a review of the pleadings, must accept the pleaded facts as true, and must resolve any factual issues in a manner favorable to the nonmoving party. See, *Quinones v. Durkis,* 638 F.Supp. 856, 858 (S.D.Fla. 1986). Thus, a claim is subject to dismissal under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that *could be proved* consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); (emphasis added); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Defendants contend that Colonial must allege certain prerequisites in order to properly plead Federal RICO. Defendants maintain that Colonial has failed in several ways.

A. *Adequacy of Pleading Scienter.*

■ Defendants Value, Consumer and Cohen argue that Colonial has failed to adequately plead scienter and therefore, move to dismiss the Federal RICO claims.

■ All of Colonial's Federal RICO claims are premised upon violations of the mail and wire fraud statutes. Generally, in order to establish a violation of the mail and wire fraud statutes, there must be a showing of intentional fraud. Fed.R.Civ.P. 9(b) provides that intent may be averred generally. However, the plaintiff must nonetheless provide some factual basis for conclusory allegations of intent. *Connecticut National Bank v. Fluor Corp.,* 808 F.2d 957 (2nd Cir.1987).

In the present case, Defendants submitted combined fleet reports every month to Colonial in which Defendants allegedly misrepresented the number of automobiles insured under Colonial's Policies and misrepresented the monthly gross receipts. Colonial alleges that Defendants certified to Colonial that the information on the reports was "true and correct." (*Complaint*, ¶ 21). Colonial avers that Defendants knew Colonial would rely on the misrepresentations contained in the fleet reports in calculating the total premium that Defendants owed Colonial each month. Value allegedly requested that agent Rales sign a letter approving a report of Values's revenues prepared by Value's accountants. Colonial claims that again on July 1, 1987, TIS [Value and Consumer's agent[3]] requested that agent Rales approve the same report. Colonial alleges that agent Rales refused to approve the report "because of suspected under-reporting of gross receipts by VALUE." Colonial claims that on July 6, 1987, TIS faxed another letter to agent Rales, in which, "TIS represented that, in return for Rales signing-off on VALUE's accountants' report, VALUE would agree to indemnify Rales for future premium liability if COLONIAL discovered the under-reporting of gross receipts." (*Complaint*, ¶ 30).

Where great specificity is not required by Rule 9(b) with respect to the allegations of intent, this Court concludes that Colonial has adequately alleged facts and circumstances indicating scienter. Accordingly, it is the RECOMMENDATION of the undersigned that Defendants Value, Consumer and Cohen's Motions to Dismiss Counts I through IV of Plaintiff's Second Amended Complaint for failure to adequately plead scienter, be DENIED.

### B. *Adequacy of Satisfying Fed.R.Civ.P. Rule 9(b).*

Defendants Value, Consumer and Cohen maintain that Colonial has failed to plead mail and wire fraud with the required particularity as required by Fed.R.Civ.P. 9(b).

To fulfill the particularity requirement, a complaint must give defendants fair notice of the nature of the claim, notice of the grounds upon which the claim rests, and be based upon a reasonable belief that a wrong has been committed. *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F.Supp. 1072 (M.D.Fla.1989). Rule 9(b) must be read in conjunction with Rule 8[4], Fed.R.Civ.P., and thus, must not abrogate the concept of notice pleading. *Durham v. Business Management Associates*, 847 F.2d 1505 (11th Cir.1988). In *Durham*, the Eleventh Circuit stated that "[a]llegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, *but alternative means are also available to satisfy the rule.*" (emphasis added). The Eleventh Circuit approves this alternative means and cites *Seville Industrial Machinery Corp. v. Southmost Machinery*, 742 F.2d 786 (3rd Cir.1984). See also, *Aldridge v. Lily–Tulip, Inc.*, 741 F.Supp. 906 (S.D.Ga.1990).

The district court in *Seville* found the allegations of fraud deficient because the plaintiff did not describe the date, place or time of the phone calls and letters that Defendants allegedly used in furtherance of their fraudulent scheme. The Third Circuit found that the district court subjected the allegations of fraud to "too strict a scrutiny." *Seville* at 791. The Court concluded that the fraud-based offenses were pleaded with sufficient particularity where the complaint set forth "the nature of the alleged misrepresentations and while it does not describe the precise words used, each allegation of fraud adequately describes the nature and subject of the alleged misrepresentation." *Id.*

In the present case, Colonial specifically alleges that Defendants deliberately de-

---

3. (*Complaint*, ¶ 36).

4. Fed.R.Civ.P. 8 provides in pertinent part:

 a) **Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks ...

ceived Colonial by under-reporting the amount of gross receipts derived from vehicles covered by the Colonial Policies on a monthly basis, thereby defrauding Colonial of earned premium due under the policies. This alleged deception was done by mailing, via the U.S. mail, fraudulent fleet reports and fraudulently calculated premium payments. As a result of these fraudulent representations, Colonial believed Defendants were entitled to rebates or refunds and issued two checks to Defendants in the amounts of $95,607.56 and $9,197.44. (*Complaint,* ¶ 38).

In sum, while Colonial's allegations of fraud are far from a model of particularity, the allegations do state who made the fraudulent allegations; the reasons why the representations were fraudulent; and that the representations were made to further the scheme to defraud. The complaint also alleges the general time frame in which the misrepresentations were allegedly made; that the mails and wires were used to communicate the misrepresentations interstate, and it describes the alleged scheme in considerable detail. Furthermore, the complaint specifically alleges that two separate facsimiles were sent to Colonial's agent, Rales, including the date, place of mailing and content of the letters.

Under these circumstances, this Court cannot conclude that Colonial has failed to plead fraud with sufficient particularity. Although other circuits have placed more stringent pleading requirements upon plaintiffs alleging fraud, this Court is compelled to follow the Eleventh Circuit, as stated in *Durham, supra.* Although Colonial did not allege specific times, dates or places for all of the alleged predicate acts, they have sufficiently satisfied Rule 9(b) where they used the alternative means as discussed herein.

Accordingly, it is the RECOMMENDATION of the undersigned that Defendants Value, Consumer and Cohen's Motions to Dismiss Counts I through IV of Plaintiff's Second Amended Complaint for failure to adequately plead fraud with the requisite particularity, be DENIED.

### C. Adequacy of Pleading "Pattern of Racketeering Activity."

Defendants Value, Consumer and Cohen maintain that Colonial has failed to adequately allege a "pattern of racketeering."

A pattern of racketeering activity requires at least two acts of racketeering activity within a ten year period. This Circuit has rejected the argument that acts which are part of the same scheme or transaction cannot qualify as distinct predicate acts. *U.S. v. Watchmaker,* 761 F.2d 1459 (11th Cir.1985). The standard which has been applied in this Circuit is whether each act constitutes "a separate violation of the [state or federal] statute" governing the conduct in question. If distinct statutory violations are found, the predicate acts will be considered to be distinct, irrespective of the circumstances under which they arose. *Id.* Furthermore, the predicate acts must be related to each other and must be continuous. It is this two-prong factor of relationship plus continuity which combines to produce a pattern. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

The first part of the two-pronged analysis in establishing a pattern of racketeering activity is the notion of related acts. Related acts under RICO is interpreted to mean criminal conduct which forms a pattern. The criminal acts must have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise be interrelated by distinguishing characteristics which are not isolated events. 18 U.S.C. § 3575(e).

In the present case, Colonial alleges several acts of mail and wire fraud for the purpose of communicating fraudulent underreporting of gross receipts interstate. Each act is alleged as a separate violation of the mail and wire fraud statutes, and therefore, they are considered distinct predicate acts. They are related, as they share a common purpose which was to defraud Colonial of earned premium due under Colonial Policies. The alleged predicate acts include the same participants, namely Value, Consumer, and Cohen as their President. They share the same victim, Colonial, and the same purpose, to

allegedly defraud Colonial of earned premium due. Thus, the alleged acts satisfy the requisite relatedness as defined by 18 U.S.C. § 3575(e) and meet the first prong of establishing a "pattern".

The second prong in satisfying a pattern of racketeering activity is the continuity requirement. Defendants contend that Colonial has failed to allege the requisite continuity.

■■■ Continuity encompasses both a closed-ended and open-ended concept. A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicate acts over a substantial period of time. Otherwise, it must be shown that the predicate acts establish a threat of long-term racketeering activity. *H.J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

In *Bank of America Nat. Trust & Sav. Asso. v. Touche Ross & Co.,* 782 F.2d 966 (11th Cir.1986), the complaint was found to satisfy the pattern requirement where plaintiff alleged nine separate acts of wire and mail fraud, involving the same parties over a three year period. See also, *Banco de Desarrollo Agropecuario, S.A. v. Gibbs,* 640 F.Supp. 1168 (S.D.Fla.1986), (three year period sufficient to satisfy continuity requirement); *San Jacinto Savings Association v. TDC Corp. of Florida,* 707 F.Supp. 1579 (M.D.Fla.1989), (20 incidents of mail and wire fraud alleged over two years satisfies continuity).

■■■ In the present case, Colonial alleges several acts of mail and wire fraud between the same parties over at least a two year period. This Circuit considers a two year period a "substantial period of time." Hence, the allegations satisfy the *H.J., Inc., supra,* standard of continuity.

Colonial alleges that Defendants engaged in numerous acts of racketeering activity which were continuous over a substantial period of time and were related to one another in furtherance of the alleged fraudulent scheme. The allegations satisfy the continuity plus relationship standard of *Sedima.*

Accordingly, it is the RECOMMENDATION of the undersigned that Defendants Value, Consumer and Cohen's Motions to Dismiss Counts I through IV of Plaintiff's Second Amended Complaint for failure to satisfy the pattern requirement, be DENIED.

### D. *Adequacy of Pleading Enterprise.*

■■■ Value and Consumer argue that Colonial failed to satisfy the enterprise requirement because "the alleged enterprise has an obvious termination date ... and there is nothing in the Second Amended Complaint that indicates a threat of continuing criminal activity beyond this termination date." (*Value's Motion to Dismiss,* p. 13)

In its argument, Value does not challenge the existence of an enterprise. Instead, Value addresses, once again, the issue of continuity. The subject of continuity has been discussed previously herein. (See pp. 13–15).

In any event, this Court finds that Colonial has sufficiently pleaded the enterprise requirement. Enterprise, as defined in 18 U.S.C. § 1961(4) provides that "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.

Colonial avers that, at all times relevant to the Second Amended Complaint, Value and Consumer constituted an enterprise within the meaning of 18 U.S.C. § 1961(4) and § 1962 and Fla.Stat. § 772.102(3) and § 772.-103. (*Complaint,* ¶ 33). Colonial alleges an association between Defendants by stating that Value and Consumer acted in concert in devising and executing a scheme to defraud Colonial and obtain money by engaging in a series of fraudulent misrepresentations via the U.S. mail and wires. Additionally, Colonial alleges that Cohen was employed by or associated with the Value–Consumer enterprise and conducted or participated, directly or indirectly, in the enterprise's affairs. (*Complaint,* ¶¶ 35). Finally, Colonial avers that at all relevant times Value and Consumer engaged in, or their activities affected, interstate commerce, within the meaning of

RICO. (*Complaint*, ¶ 34). These allegations sufficiently allege an enterprise as defined by 18 U.S.C. § 1961.

Accordingly, it is the RECOMMENDATION of the undersigned that Defendants Value and Consumer's Motions to Dismiss Counts I through IV of Plaintiff's Second Amended Complaint for failure to satisfy the enterprise requirement, be DENIED.

3. Value, Consumer and Cohen's Motions to Dismiss Federal RICO Counts I through IV and Florida RICO Counts V through VIII. (D.E. 83, 101, 98).

Plaintiff's Complaint contains four Federal RICO counts and four Florida RICO counts. Defendants move to dismiss each separate RICO count on various grounds. The Federal and Florida RICO statutes contain elements which are identical in some instances. Accordingly, this Court addresses similar Federal and Florida RICO elements collectively.

A. *Adequacy of Pleading Injury Under 18 U.S.C. § 1962(a) and Fla.Stat. § 772.103(1).*

 Defendants Value, Consumer and Cohen move to dismiss claims asserting violations of 18 U.S.C. § 1962(a) and Fla.Stat. § 772.103(1) for failure to adequately plead injury. The plain language of 18 U.S.C. § 1962(a) requires a plaintiff to plead that a defendant invested income derived from a pattern of racketeering activity to acquire an interest in, establish, or operate an enterprise. *In re Sahlen & Assoc., Inc., Secur. Litigation*, 773 F.Supp. 342 (S.D.Fla.1991). Courts have been in disagreement over whether a plaintiff must plead an injury proximately caused by the investment of income derived from a pattern of activity. Some courts have held that a plaintiff may recover from an injury as a result of the predicate acts alone. The District Court in *Sahlen* concluded that pleading injury from the racketeering acts, without more, is insufficient to state a claim under § 1962(a). Thus, the court required the plaintiff to allege that it was injured by reason of the defendants use or investment of racketeering proceeds.

Even applying this stricter view of alleging injury, Colonial has satisfied its burden. Colonial accuses Defendants of using and investing income received through a pattern of racketeering activity to operate Defendants' businesses which caused damages to Colonial. Colonial further avers that the investment of the income fraudulently obtained allegedly enabled Defendants to perpetuate the operation of the enterprise and continue to defraud Colonial. Colonial does not simply track the language of § 1962(a) as suggested by Defendants; Colonial's allegations provide a detailed factual account of how the enterprise functioned to accomplish its purpose.

Cohen independently maintains that Colonial's allegation of "reinvestment injury" cannot stand. This court disagrees.

In *Sahlen*, supra, plaintiff alleged that defendants invested income received from a pattern of racketeering activity back into the enterprise. By doing this, defendants were able to guarantee the continuance of the scheme and the growth of the company. The court held that plaintiff satisfied his pleading burden. Similarly, in *Avirgan v. Hull*, 691 F.Supp. 1357 (S.D.Fla.1988), the court concluded that a defendant's conduct can injure a RICO plaintiff if that plaintiff is injured by the use or investment of proceeds derived from the pattern, or, if that plaintiff is injured by the operation of the enterprise in which defendant used or invested the income or proceeds.

Colonial's allegations of injury by the operation of Defendants' enterprise in which Defendants used or invested income from a pattern, satisfies the pleading requirement as espoused by this district.

Accordingly, it is the RECOMMENDATION of the undersigned that Defendants Value, Consumer and Cohen's Motions to Dismiss Counts I and V of Plaintiff's Second Amended Complaint for failure to adequately plead injury, be DENIED.

B. *Adequacy of Pleading Injury Under 18 U.S.C. § 1962(b) and Fla.Stat. § 772.103(2).*

 Defendants Value, Consumer and Cohen urge this Court to dismiss these claims for failure to adequately plead injury.

Unlike the additional causation connection necessary to state a cause of action under § 1962(a), the causation link of § 1962(b) is direct. Accordingly, the plaintiff must only allege injury by the pattern of racketeering activity committed by the defendant. *Avirgan v. Hull,* 691 F.Supp. 1357 (S.D.Fla.1988).

In the present case, Colonial alleges that Defendants maintained an interest in and control over the enterprise through a pattern of racketeering activity. Colonial claims that by maintaining an interest in and control over the enterprise, Defendants were able to carry our their scheme to defraud, which resulted in damages to Colonial. As Colonial has alleged injuries resulting from the alleged racketeering activity, the complaint is sufficient to withstand a Motion to Dismiss on this claim.

Accordingly, it is the RECOMMENDATION of the undersigned that Defendants Value, Consumer and Cohen's Motions to Dismiss Counts II and VI of Plaintiff's Second Amended Complaint for failure to adequately plead injury, be DENIED.

C. *Adequacy of Pleading Pattern Under 18 U.S.C. § 1962(c) and Fla.Stat. § 772.103(3).*

The issue of pleading pattern is discussed separately herein. (See pp. 13–15 for pleading a pattern under the Federal RICO Statute and pp. 23–26 for pleading a pattern under Florida RICO).

D. *Adequacy of Pleading Conspiracy Under 18 U.S.C. § 1962(d) and Fla. Stat. § 772.103(4).*

Defendants Cohen and Consumer argue that Colonial does not allege a sufficient agreement to support the charge of conspiracy.

▮ In order to establish a RICO conspiracy, there must be evidence of an agreement to violate a substantive provision of the statute. A conspirator need not have full knowledge of every detail regarding the conspiracy; it is sufficient if one knows of the "essential nature of the plan." *Sahlen,* supra; *U.S. v. Kopituk,* 690 F.2d 1289 (11th Cir.1982).

▮ Although alleging an agreement to violate 18 U.S.C. § 1962(a), (b) or (c) is essential to establish a conspiracy claim under § 1962(d), proof of such a claim is often established by circumstantial evidence. *Kopituk,* supra. Colonial has alleged that Defendants agreed on a scheme to defraud them in violation of 18 U.S.C. § 1962(a), (b) and (c). (*Complaint,* ¶ 72). The complaint details a scheme collectively and knowingly carried out by Defendants to under-report gross receipts, by willfully misrepresenting the amount of premium due under the Colonial Policies.

During approximately a two year period, Defendants allegedly defrauded Colonial by misrepresenting monthly statements, via the U.S. mail and wires interstate, to Colonial, that Defendants were entitled to a rebate or refund of premium or premium deposit. The very essence of the fraud alleged implies a group-operation, which would require the consent and participation of a number of individuals. This court concludes that Colonial sufficiently alleges circumstances indicating an agreement to support a charge of conspiracy under these RICO statutes. The Federal and Florida RICO counts against Defendants are therefore not subject to dismissal.

▮ Cohen alternatively argues that the claims under § 1962(d) and Fla.Stat. § 772.-103(4), fail as to Cohen specifically because "[a] corporation and its officers cannot conspire with each other for purposes of a RICO violation." (*Cohen's Motion to Dismiss,* p. 17).

▮ It is basic in the law of conspiracy that you must have at least two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation. *Nelson Radio & Supply Co., Inc. v. Motorola, Inc.,* 200 F.2d 911 (5th Cir.1952). Hence, a conspiracy cannot be found between a corporation and its employees. *St. Joseph's Hospital v. Hospital Corp. of America,* 795 F.2d 948 (11th Cir.1986), relying on *Tose v. First Pennsylvania Bank N.A.,* 648 F.2d 879 (3rd Cir.1981); *Nelson*

*Radio & Supply Co., Inc. v. Motorola, Inc.,* supra.

In the present case, it is alleged that a conspiracy existed between Defendant corporations, Value and Consumer, and Cohen, as an officer and representative of the corporations. (*Complaint,* ¶ 72). It is not alleged that Cohen was acting in any capacity other than as officer, shareholder and a "controlling person" of these companies. (*Complaint,* ¶ 9).

 While conducting company business, an officer or representative of a corporation cannot conspire with the corporation of which he forms an indispensable part. Therefore, in the absence of any allegation to indicate that Cohen was acting in a capacity other than as an officer or representative, Colonial has failed to state a cause of action based on conspiracy as to Cohen. Therefore, it is the RECOMMENDATION of the undersigned that Cohen and Consumer's Motions to Dismiss Counts IV and VIII of Plaintiff's Second Amended Complaint, be GRANTED as to COHEN and DENIED as to CONSUMER.

4. Defendants Value and Consumer's Motions to Dismiss Counts I through IV Because the Federal RICO Statute is Unconstitutionally Vague. (D.E. 83, 101).

Value asserts that the Federal RICO Statute is unconstitutionally vague as written.

This court and others have squarely rejected the argument that the federal racketeering statute is unconstitutionally vague. See *U.S. v. Hawes,* 529 F.2d 472 (5th Cir.1976); *U.S. v. Thevis,* 474 F.Supp. 134 (N.D.Ga. 1979); *U.S. v. Tripp,* 782 F.2d 38 (6th Cir. 1986); *U.S. v. Huber,* 603 F.2d 387 (2d Cir. 1979), cert. denied, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); *U.S. v. Swiderski,* 593 F.2d 1246 (D.C.Cir.1978) cert. denied, 441 U.S. 933, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979).

Accordingly, it is the RECOMMENDATION of the undersigned that Value and Consumer's Motions to Dismiss Counts I through IV of Plaintiff's Second Amended Complaint, be DENIED.

5. Defendants Value, Consumer and Cohen's Motions to Dismiss Florida RICO Counts V through VIII for Failure to State a Claim. (D.E. 83, 101, 98).

 Defendants urge this Court to dismiss the Florida RICO claims for several reasons. First, Value asserts that the Florida RICO claims should be dismissed because they arise out of a single contract of insurance. Fla.Stat. § 772.102(4) provides in pertinent part:

> "Pattern of criminal activity" means engaging in at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents ... For the purposes of this Chapter, the term "pattern of criminal act" shall not include two or more incidents of fraudulent conduct arising out of a single contract or transaction against one or more related persons.

Value argues that "[t]he policy identified as No. AGL 150089 and the policy identified as No. 150541 are identical contracts prepared by Colonial through its agent Rales with two minor exceptions. The primary difference in the policy covering the first year and the second year is the slight difference in the amount of minimum charge per vehicle ... and the slight difference in the rate of gross receipts ..." (*Value's Motion to Dismiss,* p. 15). Value does not cite any case law which stands for the proposition that two "nearly identical" contracts should be considered one contract for purposes of Florida RICO. This Court finds that the policies are distinguishable and separate contracts. The policy numbers are different, the commencement dates and expiration dates are different, and the terms of the policies vary. Thus, these two contracts will be considered separate contracts and will not be automatically excluded under the statute.

 Second, Value asserts that Colonial's claims do not fall within the restrictive purview of the Florida RICO statute.

The Florida RICO definition of "pattern of racketeering activity" refers to engaging in

at least two "incidents" of racketeering conduct rather than "acts" of racketeering conduct as set forth in the Federal RICO Act. Fla.Stat. § 895.02(1)(a) and (b) define an "incident" of racketeering activity under Florida RICO to include any crime which is chargeable by indictment or information under numerous provisions of the Florida Statute or any conduct defined as "racketeering activity" under 18 U.S.C. § 1961(1).

In the present case, Colonial alleges that the enterprise violated Fla.Stat. § 812.014 and § 817.15. (*Complaint,* ¶ 38). Additionally, Colonial has alleged violations of 18 U.S.C. § 1961, to wit: mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343. As previously discussed herein, Colonial has adequately alleged two or more related violations of the mail and wire fraud statutes. (See pp. 13–15). Since these violations qualify as "incidents" of racketeering activity under Fla. Stat. § 895.02(1)(b), Colonial has sufficiently alleged the claims within the purview of Florida RICO.

Therefore, without going into the issues of whether Colonial has adequately pleaded Fla. Stat. § 812.014 and § 817.15, Colonial has pleaded two or more "incidents" of Florida RICO sufficient to withstand a Motion to Dismiss.

Third, Value asserts that Colonial's allegations fail to satisfy the continuity prong of RICO's pattern requirement. The concept of continuity is identical to its counterpart in Federal RICO, as discussed previously herein. (See pp. 13–15). Colonial alleges that the under-reporting occurred at least as long as the Colonial policies were in effect, a two year period. Most recently, in *State v. Lucas,* 600 So.2d 1093 (Fla.1992), the Florida Supreme Court stated that "at the outset, we are not convinced that a series of related fraudulent activities which occur over a six month period cannot demonstrate the requisite closed-ended continuity." As a result, the court held that six months satisfied the continuity requirement. Similarly, in *Banderas v. Banco Cent. del Ecuador,* 461 So.2d 265 (Fla. 3d DCA 1985), the court held that thirteen months was sufficient to satisfy the continuity requirement of Florida RICO.

This Court follows the Third District Court of Appeals in finding that the continuity requirement has been satisfied where Colonial alleges two years of fraudulent activity.

Accordingly, it is the RECOMMENDATION of the undersigned that Defendants Value, Consumer and Cohen's Motions to Dismiss Counts V through VIII of Plaintiff's Second Amended Complaint, be DENIED.

6. Defendants Value, Consumer and Cohen's Motions to Dismiss Florida Civil Theft Count IX. (D.E. 83, 101, 98).

■ Defendants urge this Court to dismiss Colonial's civil theft claim for failure to state a cause of action.

■ Florida law does not bar a civil theft claim simply because a contractual relationship is involved. *Masvidal v. Ochoa,* 505 So.2d 555 (Fla. 3d DCA 1987). However, where a contractual relationship exists, the alleged loss which results from the theft, must be separate and distinct from any loss alleged to have resulted from the breach of contract. *O'Donnell v. Arcoiries, Inc.,* 561 So.2d 344 (Fla. 4th DCA 1990).

■ Colonial alleges that Defendants knowingly obtained Colonial's money and insurance services by fraud, false pretenses, deception and misrepresentation with the intent to deprive Colonial of its property and convert it for Defendant's own use. (*Complaint,* ¶¶ 91, 92). The alleged loss of their services is a separate and distinct allegation from the alleged loss that resulted from the breach of contract. This Court finds that an action based on civil theft is not precluded by the breach of contract claims where Colonial has alleged separate and distinct losses. Additionally, Value claims that Colonial has not pleaded the requisite intent necessary to support its civil theft claim. Value cites *Misabec Mercantile, Inc. v. Donaldson, et al.,* 853 F.2d 834 (11th Cir.1988), in support of this assertion.

In *Misabec,* the court held that the plaintiffs had not presented any evidence to establish the requisite criminal intent to support a civil theft claim. *Misabec* is distinguishable from the present case where Colonial need

only sufficiently allege rather than prove intent.

Fla.Stat. § 812.014(1) provides:

A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:

(a) deprive the other person of a right to the property or a benefit therefrom.

(b) appropriate the property to his own use or to the use of any person not entitled thereto.

Colonial avers that Defendants knowingly obtained Colonial's property with the intent to deprive Colonial of the property and appropriate the same for Defendants' own use. (*Complaint*, ¶¶ 91, 92). Accordingly, this Court finds that Colonial has sufficiently alleged the requisite intent to withstand a Motion to Dismiss on this claim.

Therefore, it is the RECOMMENDATION of the undersigned that Defendants Value, Consumer and Cohen's Motions to Dismiss Count IX of Plaintiff's Second Amended Complaint, be DENIED.

7. Defendants Value and Consumer's Motions to Dismiss Breach of Contract Counts X through XIII. (D.E. 83, 101).

 Value claims that Colonial has failed to state a cause of action since it failed to include a claim for damages in the breach of contract counts.

In the present case, Colonial demands judgment for compensatory damages due to under-reporting in each separate breach of contract claim. (*Complaint*, ¶¶ 94–105).

This Court finds that Colonial has set forth a claim for damages sufficient to conclude that some relief is warranted. Accordingly, it is the RECOMMENDATION of the undersigned that Defendants Value and Consumer Motions to Dismiss Counts X through XIII of Plaintiff's Second Amended Complaint for failure to state a cause of action, be DENIED.

8. Defendant Cohen's Motion to Dismiss the Florida Fraud Count As Barred By the Statute of Limitations. (D.E. 101).

 Cohen argues that Colonial failed to bring the Florida fraud count within the statutory period of time.

 Under Florida law, actions for fraud are subject to a four year statute of limitations. Fla.Stat. § 95.11(3)(j). The statute of limitations based on fraud is strictly construed against the party bringing suit and begins to run when the alleged basis of the action was either discovered or should have been discovered by the exercise of due diligence. *Matthews v. Matthews*, 222 So.2d 282 (Fla. 2nd DCA 1969).

Colonial alleges that agent Rales failed to approve Defendants' report because of "suspected under-reporting of gross receipts by Value." (*Complaint*, ¶ 29). Furthermore, Colonial avers that "[o]n July 6, 1987, TIS [Value and Consumer's agent] transmitted by facsimile to Rales a letter in which TIS represented that, in return to Rales signing off on Value's accountants' reports, Value would agree to indemnify Rales for future premium liability if Colonial discovered the under-reporting of gross receipts ..." (*Complaint*, ¶ 30).

On the basis of Colonial's allegations, Colonial had notice of the fraudulent activity by its own admission when it "suspected under-reporting of gross receipts by Value" in July of 1987. (*Complaint*, ¶ 29). Assuming that the latest possible date of discovery of the fraud occurred on July 6, 1987, an action filed later than July 6, 1991 would be barred by the statute of limitations.

In the present case, the Florida fraud count was first maintained against Cohen in the First Amended Complaint filed on August 9, 1991, one month after the expiration of the statute of limitations.

Colonial cannot successfully argue that the fraud count against Cohen asserted in the First Amended Complaint relates back to the original complaint. Fed.R.Civ.P. 15(c) (as amended December 1, 1991), provides that the amendment of a pleading relates back to the original pleading, under certain circumstances. In order to relate back, the claim

or defense asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. With respect to changing the name of a party, the party (1) must have received notice of the institution of the action such that the party will not be prejudiced in maintaining a defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In the present case, Colonial, in filing the First Amended Complaint, sought to add a Florida fraud count against Cohen who had not been named in the original complaint. The Florida fraud count arises out of the same conduct set forth in the original pleading, and Cohen, as President of both defendant corporations in the original complaint, had notice of the institution of the action. However, Cohen did not know nor should he have known that he was meant to be a party to the original action. His identity was not concealed and Colonial admits that it "does not attempt to argue that it failed to name Cohen in the original Complaint due to a mistake as to Cohen's identity." (*Colonial's Memorandum of Law in Opposition to Cohen's Motion to Dismiss*, p. 7). Without having met the requirements of Rule 15(c)[5], Colonial's fraud count asserted against Cohen does not relate back to the original complaint and is therefore barred by the statute of limitations.

Accordingly, it is the RECOMMENDATION of the undersigned that Defendant Cohen's Motion to Dismiss Count XIV of Plaintiff's Second Amended Complaint for failure to bring the cause of action within the statutory period, be GRANTED.

9. Defendants Value and Consumer's Motions to Dismiss Florida Fraud Count XIV. (D.E. 83, 101).

■ Value asserts that under Florida law, a party to a contract may not pursue a claim in tort for purely economic losses as Colonial asserted in its Complaint. Value urges the court to dismiss the Florida fraud count for failure to state a cause of action.

In *AFM Corp. v. Southern Bell Telephone & Telegraph Co.*, 515 So.2d 180 (Fla.1987), the Florida Supreme Court held that a party to a contract may not pursue a claim in tort for purely economic losses, absent a claim for personal injury or damage to property other than the defective property itself. However, the court established an exception to this rule. Recovery for purely economic losses may be allowed in tort cases where the tort is "distinguishable from or independent of [the] breach of contract." *Id.* at 181.

In alleging Florida fraud, Colonial claims that Defendants' monthly reports of earned premium contained misrepresentations of fact upon which Colonial relied. Colonial further alleges that Defendants' fraudulent conduct was willful and malicious.

This Court finds that Colonial's allegations do not distinguish the Florida fraud count as independent from the breach of contract counts. Both the fraud count and the breach of contract counts are alleged on the grounds that the information submitted by Defendants was fraudulently represented. The only distinguishing characteristics of the fraud claim are the allegations that the fraudulent conduct was malicious and done in bad faith. This Court follows the general rule that a breach of contract cannot be converted into a tort merely by allegations of malice. *American International Land Cor-*

---

**5. Relation Back of Amendments.**
An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*poration v. Hanna,* 323 So.2d 567 (Fla.1975); *Days v. Florida E.C.R. Co.,* 165 So.2d 434 (Fla. 3d DCA 1964). Nothing in the facts of this case suggests a reason to depart from that rule.

Accordingly, it is the RECOMMENDA-TION of the undersigned that Defendant Value and Consumer's Motions to Dismiss Count XIV of Plaintiff's Second Amended Complaint, be GRANTED.

## RECOMMENDATION

Based on the foregoing, it is the RECOM-MENDATION of the undersigned that Defendant Value's Motion to Dismiss (D.E. 83) be GRANTED on the Florida Fraud Count (Count XIV), and on all other counts, be DENIED. It is further RECOMMENDED that Defendant Consumer's Motion to Dismiss (D.E. 101) be GRANTED on the Florida Fraud Count (Count XIV), and on all other counts, be DENIED. It is further RECOMMENDED that Defendant Cohen's Motion to Dismiss (D.E. 98) be GRANTED on the Florida Fraud Count (Count XIV) and GRANTED on the Federal and Florida RICO Conspiracy Counts (Counts IV and VIII), and on all other counts, be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the parties may serve and file written objections with the Honorable Federico A. Moreno, United States District Judge, within ten (10) days after being served with a copy of this Report and Recommendation. See *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B 1982). Respectfully Recommended, in Chambers, at Miami, Florida, this 23 day of July, 1992.