689 So.2d 1144 (1997)
Estuardo Ramon Estrada ESCUDERO, Appellant,
v.
Silvia HASBUN, Appellee.
No. 96-1936.
District Court of Appeal of Florida, Third District.
February 26, 1997.
*1145 Mesa, Rodriguez & Machado, P.A. and Juan J. Rodriguez, Miami, for appellant.
Concepcion, Sexton & Urdaneta and Carlos F. Concepcion and David A. Pearl, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
GREEN, Judge.
Estuardo Ramon Estrada Escudero appeals a non-final order denying his motion to dissolve a temporary injunction entered in favor of his estranged wife, Silvia Hasbun. Escudero claims that the lower court abused its discretion when it enjoined him from withdrawing, transferring or otherwise disposing of certain bank funds pursuant to Florida's Civil Theft Statute, section 812.035(6), Florida Statutes (1995).
Escudero and Hasbun are Guatemalan nationals who, at all times pertinent hereto, resided in Guatemala. According to the verified complaint filed by Hasbun, the parties decided to separate in 1996 and orally agreed to divide their various jointly held assets. Among such assets were two certificates of deposits ("C.D.'s") purchased by the couple in 1995 and held jointly in two Miami banks. One of the C.D.'s, in the principal amount of $70,000.00, was purchased by the couple on March 6, 1995 from NationsBank. The other C.D., in the principal sum of $60,000.00, was purchased from the First Union National Bank of Florida also on March 6, 1995. The maturity date for both C.D.'s was March 6, 1996.
In her verified complaint, Hasbun further alleged that pursuant to their separation agreement, the parties agreed that Hasbun would solely retain the $60,000.00 C.D. from First Union National Bank and Estrada would retain the $70,000.00 C.D. from NationsBank. It is further alleged that when both of these C.D.'s matured after the couple's separation, Escudero withdrew the principal and interests from both of these C.D.'s in contravention of their agreement. Hasbun also claims that Estrada took the principal and interest from the First Union C.D. (i.e. $63,610.37) belonging to her and deposited the same in an individual account in his name at the Home Savings Bank in Hollywood, Broward County, Florida.
In the action below, Hasbun seeks damages for civil theft, the imposition of a constructive trust and a writ of garnishment as to the monies from the First Union C.D. which were placed in the Home Savings Bank by Escudero. Additionally, she sought and obtained an emergency temporary injunction, under the Civil Theft statute,[1] *1146 which precludes Escudero from removing and/or disbursing the funds in the Home Savings account. Escudero was served in Guatemala with the summons, verified complaint and temporary injunction order. Escudero contends that the trial court improperly issued the injunction where he was a co-owner of the First Union C.D. and he was permitted to remove the funds without Hasbun's consent pursuant to the couple's depositor agreement with First Union.[2] Escudero asserts that since he could not be held criminally liable for the theft of his own property, Hinkle v. State, 355 So.2d 465, 467 (Fla. 3d DCA), cert. dismissed, 359 So.2d 1220 (1978), it therefore follows that he can similarly have no liability for civil theft as a matter of law based upon the allegations of the verified complaint.[3] We disagree.
By statute, a theft is said to occur if a person:
knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: a) [d]eprive the other person of a right to the property or a benefit therefrom. b) [a]ppropriate the property to his own use or to the use of any person not entitled thereto.
§ 812.014(1)(a)(b), Fla. Stat. (1995). Based upon this definition, Escudero is correct in his contention that a co-owner of property cannot be held criminally liable for the theft of his/her own property. Hinkle, 355 So.2d at 467; Escobar v. State, 181 So.2d 193, 195 (Fla. 3d DCA 1965); Addison v. State, 95 Fla. 737, 739-40, 116 So. 629, 629 (1928). Escudero, however, is incorrect in his argument that this well-established principle of law has any applicability to the facts of this case where Hasbun has averred in a sworn complaint that, notwithstanding the terms of the bank's depository agreement, she became the sole owner of the subject funds by virtue of her subsequent agreement with Escudero. Ordinarily, as between co-signatories of a bank account, absent strong evidence of a contrary intent, there is a strong presumption of joint ownership. Constance v. Constance, 366 So.2d 804, 807 (Fla. 3d DCA), cert. denied, 376 So.2d 70 (Fla.1979). This presumption, however, may be rebutted by one of the co-signators establishing an equitable ownership to the entire proceeds of the account:
It does not follow that, as between the depositor and the joint signer, an equitable ownership cannot be asserted. That equity regards substance and not form is a time-honored maxim by which the true ownership of property may be pursued, even though a deed or grant would bar the way at law.
Id. at 807.
Given the wide discretion accorded trial courts in granting injunctions, we cannot conclude that the trial court erred in its determination that the allegations of the verified complaint, if proven, would be sufficient to establish Hasbun's special equity to the subject funds. After all, the purpose of an injunction is not to resolve the disputed issues, but rather to preserve the status quo pending a final hearing on the merits. Grant v. Robert Half Intern., Inc., 597 So.2d 801, 801-02 (Fla. 3d DCA 1992).
Escudero alternatively argues that a civil theft claim based upon an alleged *1147 breach of an agreement between these parties will not lie as a matter of law. Citing to Colonial Penn Insurance Co. v. Value Rent-A-Car, Inc., 814 F.Supp. 1084, 1098 (S.D.Fla. 1992); Miles Plastering & Associates, Inc. v. McDevitt & Street Co., 573 So.2d 931, 932 (Fla. 2d DCA 1991); Rosen v. Marlin, 486 So.2d 623, 624-25 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla.1986), Escudero asserts that where there is a contractual relationship between the parties, a claim for civil theft will not lie absent a showing that the loss from the theft is separate and distinct from the loss flowing from the breach of contract. Florida law, however, does not bar a civil theft claim simply because a contractual relationship is involved. Colonial Penn Ins. Co., 814 F.Supp. at 1098 (citing Masvidal v. Ochoa, 505 So.2d 555, 556 (Fla. 3d DCA 1987)); Tinwood, N.V. v. Sun Banks, Inc., 570 So.2d 955, 960 (Fla. 5th DCA 1990) ("An embezzlement whereby defendant lawfully obtains possession of the plaintiff's funds and thereafter converts said funds to his own use will justify action for civil theft.") (citations omitted), disapproved on other grounds, State v. Lucas, 600 So.2d 1093 (Fla.1992). We read the cases relied upon by Escudero to mean that a civil theft claim will not lie where there is a contractual dispute over an uncertain or unspecified amount of money alleged to be owed and there is not an identifiable account or piece of property from which the money is to be paid. See, e.g., Miles Plastering, 573 So.2d at 931-32 (finding no civil theft action will lie for action brought by subcontractor on construction project against general contractor for payment of services rendered); Rosen, 486 So.2d at 625-26 (finding no civil theft or conversion occurred where court determined that case did not involve situation where a party intentionally received a specifically identifiable sum of money knowing that he had no right to take it and who refused to return it; nor was it a case where a party refused to pay over to the demanding party a specific fund capable of separate identification required to be deposited into a special account). In this case, Hasbun has identified a specified sum of money from an identifiable account, allegedly belonging solely to her, that Escudero has allegedly misappropriated for his own use. We think that such allegations are sufficient to state a cause of action under the civil theft statute. We further note that unlike the cases cited by Escudero, Hasbun has not alternatively brought an action for breach of the parties' alleged settlement agreement. For this reason, we agree with Hasbun that the issue of whether she can demonstrate the loss from the theft, which is separate and distinct from the loss flowing from the breach of the agreement, is immaterial.
For all of these reasons, we affirm the order under review.
Affirmed.
NOTES
[1] Section 812.035(6), Florida Statutes (1995) provides:

(1) Any circuit court may, after making due provisions for the rights of innocent persons, enjoin violations of the provisions of ss. 812.012-812.037 or s. 812.081 by issuing appropriate orders and judgments, including,...:
. . . .
(6) Any aggrieved person may institute a proceeding under subsection (1). In such proceeding, relief shall be granted in conformity with the principles that govern the granting of injunctive relief from threatened loss or damage in other civil cases, except that no showing of special or irreparable damage to the person shall have to be made. Upon the execution of proper bond against damages for an injunction improvidently granted and a showing of immediate danger of significant loss or damage, a temporary restraining order and a preliminary injunction may be issued in any such action before a final determination on the merits.
[2] That agreement provided in part:

Each joint owner appoints the other as his or her agent to deposit, withdraw and conduct any business on the joint account, including but not limited to, pledging or encumbering the account.... You agree that any money in a joint account may be paid to any one or more of the joint owners....
[3] Escudero tangentially claims also that the lower court lacked personal jurisdiction where the parties have continuously been residents of Guatemala. We find no merit to this argument as the proceeding below was quasi-in-rem in nature and as such the rights of owners to property placed within the lower court's territorial borders may be adjudicated without regard to the residence or presence of its owners. Walz v. Von Schweiger, 575 So.2d 788, 789-90 (Fla. 3d DCA 1991); Harris & Co. Advertising, Inc. v. Republic of Cuba, 127 So.2d 687, 693 (Fla. 3d DCA 1961) (deciding personal jurisdiction of nonresident of state is not condition precedent for maintenance of quasi-in-rem action).