# Third District Court of Appeal
## State of Florida

Opinion filed March 22, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-1388
Lower Tribunal No. 21-26040

————————

**Ernesto J. Suarez,**
Appellant,

vs.

**Roberto Guzman,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Rodriguez Tramont & Nuñez, P.A., and Paulino A. Núñez, Jr. and Frank R. Rodriguez, for appellant.

Martinez Morales, LLC, and Raul Morales and Angela Bousalis, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

Ernesto Suarez, a resident of California, appeals an order denying his motion to dismiss, for lack of personal jurisdiction, a one-count complaint filed by Roberto Guzman seeking to partition an E*Trade investment account held by Suarez and Guzman as joint tenants with right of survivorship.

Together with his motion to dismiss, Suarez filed an affidavit in which he contested the complaint's factual allegations of personal jurisdiction and minimum contacts with the State of Florida. In response, Guzman filed an affidavit supporting the jurisdictional allegations of his complaint which conflicted with Suarez's affidavit in material respects. Despite the existence of these conflicting affidavits, the trial court did not conduct an evidentiary hearing, instead denying the motion to dismiss without making any findings relative to the issue of personal jurisdiction.[1] This was error. See, e.g.,

---

[1] It appears that the trial court was persuaded by the arguments of plaintiff's counsel that it was unnecessary for the court to reach the personal jurisdiction issue because the court could simply exercise in rem jurisdiction instead. See Escudero v. Hasbun, 689 So. 2d 1144, 1146, n. 3 (Fla. 3d DCA 1997) (noting "the rights of owners to property placed within the lower court's territorial borders may be adjudicated without regard to the residence or presence of its owners") (citing Harris & Co. Adv., Inc. v. Republic of Cuba, 127 So. 2d 687, 693 (Fla 3d DCA 1961) for the proposition that "deciding personal jurisdiction of nonresident of state is not condition precedent for maintenance of quasi-in-rem action")). However, because the trial court adjudicated and denied Suarez's motion to dismiss, which was based on personal jurisdiction, it necessarily determined "the jurisdiction of the person." Thus, this court has jurisdiction to review this nonfinal order, see Fla. R. App. P. 9.130(a)(3)(C)i., and we hold the trial court erred in denying the motion to dismiss for lack of personal jurisdiction in the absence of an

2

Bacinello v. Admiral Marine Surveyors LLC, 338 So. 3d 326, 329-30 (Fla. 3d DCA 2022) (citing Tobacco Merchs. Ass'n of U.S. v. Broin, 657 So. 2d 939, 941-942 (Fla. 3d DCA 1995) (reaffirming that a defendant wishing to contest personal jurisdiction must file a legally sufficient affidavit in support of his position, shifting the burden to the plaintiff to prove the basis upon which jurisdiction may be obtained. If the plaintiff files a counter-affidavit alleging conflicting facts related to jurisdiction, and those affidavits cannot be harmonized, the trial court should hold a limited evidentiary hearing to resolve the disputed jurisdictional facts)).

Accordingly, we reverse the order on appeal and remand to the trial court for further proceedings consistent with this opinion.

---

evidentiary hearing to resolve conflicting affidavits whose material allegations could not be harmonized. On remand, should the trial court determine it may exercise in rem jurisdiction over the property in question without the need for personal jurisdiction over Suarez, it may of course enter an order so finding and proceed accordingly. We express no opinion on the merits of any such determination.